George McGOVERN,
Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC., et al.,
Defendants-Appellees.

No. 74–2362.

United States Court of Appeals,
Fifth Circuit.

April 18, 1975.

Rehearing and Rehearing En Banc
Denied May 30, 1975.

Arthur M. Gochman, Warren Weir, San Antonio, Tex., for plaintiff-appellant.

Richard A. Lempert, New York City, for American Airlines, Inc.

B. J. Bradshaw, Houston, Tex., for Ashland Oil, Inc.

Morris Harrell, Dallas, Tex., E. H. Brown, Houston, Tex., for Phillips Pet. Co.

W. B. West, III, Dallas, Tex., for Braniff Airways, Inc.

Ralph S. Carrigan, Houston, Tex., for Goodyear Tire & Rubber Co.

Leonard J. Keyes, St. Paul, Minn., for Minn. Mining, etc.

W. B. Edwards, Houston, Tex., for Gulf Oil Corp.

Before BELL, THORNBERRY and GEE, Circuit Judges.

PER CURIAM:

George McGovern filed a complaint in the United States District Court for the Southern District of Texas, alleging that certain corporations were civilly liable to him in double the amount each had contributed to candidate for President Richard M. Nixon, in violation of Article 14.-07 of the Texas Election Code, V.A.T.S., as well as of 18 U.S.C. § 610, a federal criminal statute.  Defendant Gulf Oil

Corporation moved to dismiss the complaint for lack of standing and failure to state a claim upon which relief could be granted. The district court granted Gulf's motion without prejudice, on grounds that McGovern had failed to allege a jurisdictional basis and venue. The court's order also referred to the possible unavailability of a private cause of action under 18 U.S.C. § 610. Rather than refile as he was invited to by the court, McGovern stood on his complaint and moved to vacate, amend and/or cancel the dismissal of Gulf Oil Corporation. Both in his motion and in his brief in support of his motion, McGovern stated that the *sole* allegation of jurisdiction was diversity, and he specifically disclaimed reliance on federal question jurisdiction. The court again found the jurisdictional allegation inadequate [1] and dismissed as to all defendants without prejudice *nunc pro tunc.* This appeal followed.

The burden is on a plaintiff to allege and invoke jurisdiction. McGovern having chosen diversity and having expressly abandoned reliance on the federal question *as a jurisdictional ground,* we have no choice but to take him at his word. Clearly, the trial court was correct in finding deficient allegations of diversity. McGovern's complaint reads:

1. Plaintiff is a citizen of South Dakota. Defendants are corporations incorporated and having their principal places of business in states other than South Dakota. The matter in controversy exclusive of interest and costs is for a sum in excess of TEN THOUSAND DOLLARS ($10,000.00).

When jurisdiction depends on citizenship, citizenship should be "distinctly and affirmatively alleged." 2A Moore's Federal Practice ¶ 8.10 at 1662; Wright & Miller, Federal Practice & Procedure § 1208. Centraal Stikstof Verkoopkantoor v. Pensacola Port Authority, 205 F.Supp. 724, 725 (N.D.Fla.1962), aff'd 316 F.2d 189 (5th Cir. 1963); Bryant v. Harrelson, 187 F.Supp. 738, 739 (S.D.Tex.1960). There is nothing in plaintiff's complaint to negate the conclusion, for example, that these companies are *also* incorporated in South Dakota, incorporation in more than one state being a viable possibility.

Having found a jurisdictional defect, the court did not abuse its discretion in dismissing without prejudice. Indeed, McGovern did not even offer to change his jurisdictional pleadings in his motion to vacate, convinced they were correct despite the trial court's specific reference to jurisdictional defects in its original dismissal order. On this record, therefore, it appears giving McGovern a chance to amend would not have cured the jurisdictional defect. He continues to maintain in this court that the clearly defective allegation of diversity jurisdiction is without error.

The facts as stated above compel us to reject the plea to allow a chance to amend based on 28 U.S.C. § 1653.[2] Certainly, the section should be construed liberally, but where as here there is no indication in the record that diversity in all probability exists [3] and the appellant has shown in a second plea to the trial court no inclination to cure the jurisdictional defect even though on notice [4] of the defect, we decline to allow appellant an opportunity to amend. John Birch Society v. National Broadcasting Co., 377 F.2d 194 (2d Cir. 1967).

Affirmed.

---

1. In view of our disposition of this case, we need not reach other issues discussed by the trial court.

2. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

3. See Kaufman v. Western Union Telegraph Co., 224 F.2d 723, 725 (5th Cir. 1955), cert. denied, 350 U.S. 947, 76 S.Ct. 321, 100 L.Ed. 825 (1956); Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349, 350 (5th Cir.), cert. denied, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961); Niagara Fire Ins. Co. v. Dyess Furniture Co., 292 F.2d 232, 232–33 (5th Cir. 1961).

4. Contrary to the situation in *Kaufman, supra.*