**John H. PATTERSON,**
**Plaintiff-Appellant,**

v.

**Donna L. PATTERSON,**
**Defendant-Appellee.**

No. 86-2140.

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1986.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

PER CURIAM:

John H. Patterson seeks *in forma pauperis* status to appeal the dismissal of his complaint. Finding the appeal frivolous, we dismiss it.

The present action is part of a series of complaints Patterson has filed against his former wife. In it he alleges that she wrongfully filed his 1978 income tax return and cashed the resulting refund check. He alleges that by doing this she deprived him of his constitutional rights. Giving his *pro se* complaint the most liberal construction, at best all we can glean from the pleadings is an attempt to secure damages on state law grounds.

The constitutional claims are patently frivolous; there is no connection between the former wife and any tortious governmental action. Patterson must be aware of this basic requirement because a virtually identical complaint was dismissed on that basis by the court in the Southern District of Georgia. *Patterson v. Patterson*, Misc. 484-40 (S.D.Ga.1984).

There being no federal claim, there is jurisdiction only if the diversity of citizenship requirements of 28 U.S.C. § 1332 are met. The complaint fails to allege the basis for diversity jurisdiction, even though Patterson was permitted an opportunity to

amend his pleadings for that purpose. Patterson's reliance on our opinion in a former case, *Patterson v. Patterson,* 767 F.2d 916 (5th Cir.1985) is misplaced. In fact, that opinion underscores the essential requirement of establishing the facts upon which to base diversity jurisdiction.

We find this appeal patently frivolous and that this matter is subject to dismissal under 28 U.S.C. § 1915(d).

This complaint is the latest in a long line of meritless complaints filed by Patterson. Imposing monetary sanctions alone on an impecunious party, particularly one who is incarcerated, is not likely to effectively deter improper conduct. Other sanctions, such as refusing to accept further filings, must be considered. We now admonish and warn John H. Patterson that if he continues to file meritless complaints, one of the sanctions imposed will be the closing of the courthouse doors, disallowing the filing of any further civil actions by him absent prior court approval.

APPEAL DISMISSED.