Jason LEIGH, Plaintiff–Appellant,

v.

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, and United States of America, Martin Marietta Corp., Defendants–Appellees.

No. 87–3698

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1988.

Ford T. Hardy, Jr., New Orleans, La., for Jason Leigh.

Robert E. Kerrigan, Jr., David P. Gontar, Deutsch, Kerrigan & Stiles, New Orleans, La., for Martin Marietta Corp.

Glenn K. Schreiber, Asst. U.S. Atty., New Orleans, La., for Nat. Aeronautics and the U.S.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Jason Leigh (Leigh) asks us to reverse the district court's summary judgment dismissal of his personal injury tort actions against the United States and his employer, Martin Marietta Corporation (MMC), which was a subcontractor of the United States through the National Aeronautics and Space Administration (NASA). Leigh brought suit against the United States pursuant to the Federal Tort Claims Act (FTCA), which waives the federal government's immunity to the extent that a private party would be liable under the laws of the relevant state —here, Louisiana. 28 U.S.C. §§ 1346(b), 2671. The district court dismissed Leigh's claim against the United States on the ground that under La.Rev.Stat.Ann. §§ 23:1032, 23:1061 (1985), as the contractor of MMC, the United States was appellant's statutory employer; thus his exclusive remedy for work-related injuries was

through Worker's Compensation.[1] The court dismissed appellant's claim against MMC because "it is undisputed that there is no diversity of citizenship between that defendant and plaintiff." *See* 28 U.S.C. § 1332. For the reasons stated below, we affirm the dismissal of Leigh's claims against the United States and reverse the dismissal of his claim against MMC.

## Facts and Proceedings Below

Leigh was an electro-mechanical technician employed by MMC, assigned to work on the external tank of the space shuttle at the Michoud Assembly Facility. On December 12, 1985, Leigh was allegedly injured while performing a helium injection test on the liquid oxygen portion of the external tank. Leigh tested this equipment pursuant to a contract between MMC and NASA to produce external tanks for the space shuttle, which itself was authorized under the National Aeronautics and Space Act, 42 U.S.C. § 2452(1)(B). Leigh sued NASA, MMC, and the United States for resulting injuries to his lower back, right hip, and right leg.

## Discussion

■ We are bound by an earlier opinion of this Circuit to reject appellant's argument that a 1986 change in Louisiana decisional law requires us to reverse the dismissal of his suit against the United States. *See Hebert v. United States,* 860 F.2d 607, (1986) (per curiam). We ruled in *Hebert,* a case with facts markedly similar to those Leigh asserts here, that the Louisiana Supreme Court's narrowing of the category of statutory employers insulated through the worker's compensation laws, *see Berry v. Holston Well Service, Inc.,* 488 So.2d 934 (La.1986), did not restrict the type of *government* employers encompassed by La.Rev.Stat.Ann. § 23:1061. Although

*Berry* did change the focus of the Section 23:1061 inquiry from whether the defendant's contractor was performing part of the defendant's trade, business, or occupation, to whether the plaintiff's work was specialized, that case did not involve a government employer. Earlier cases applied the former, broader test to government principals, and under the authority of those cases, we find that Leigh was performing work that was part of the United States' business—authorized by statutory mandate—and that section 23:1061 therefore shields the government from tort liability to Leigh for his work-related injuries. *See, e.g., Klohn v. Louisiana Power & Light,* 406 So.2d 577 (La.1981); *Thomas v. Calavar Corp.,* 679 F.2d 416 (5th Cir.1982); *Hebert.*

■ Finally, we reverse the district court's dismissal of Leigh's claims against MMC. Appellant alleged in his amended complaint that he is domiciled in Jefferson Parish, Louisiana, and that MMC is a foreign corporation domiciled in Bethesda, Maryland. MMC admitted this in its answer. A corporation is a citizen for purposes of diversity jurisdiction "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Appellant stated, and appellee admitted, facts alleging only one of these two possible states of corporate citizenship, which is not enough to establish diversity jurisdiction. *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039 (5th Cir.1982); *Moore v. Sylvania Electric Products, Inc.,* 454 F.2d 81, 84 n. 1 (3d Cir.1972). However, given that diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist, Leigh should at least be given the opportunity to amend his complaint to make a more com-

---

**1.** Section 23:1061 reads in relevant part:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ...."

plete statement of the court's diversity jurisdiction over his claim against MMC.

Accordingly, the judgment in favor of the United States is affirmed, and the judgment dismissing Leigh's suit against MMC for want of jurisdiction is reversed and remanded.

AFFIRMED in part, REVERSED in part and REMANDED.