**Burr STAFFORD, et al.,**
**Plaintiffs–Appellees,**

v.

**MOBIL OIL CORPORATION, et**
**al., Defendants–Appellants.**

No. 90–2694.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1991.

Cynthia T. Sheppard, Robert P. Houston, Houston, Marek & Griffin, Victoria, Tex., for defendants-appellants.

Tom Alexander, Alexander & McEvily, Houston, Tex., for plaintiffs-appellees.

Before REAVLEY, GARWOOD, and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Defendants-appellants Mobil Oil Corporation, Mobil Pipe Line Company, and Mobil Exploration and Producing, U.S., Inc. (collectively defendants), appeal from the district court's issuance of a preliminary injunction ordering defendants to create and deliver a map showing the location of defendants' pipelines on the lands of plaintiffs-appellees Burr Stafford, Harrison Stafford, Harrison Stafford II, Mourine Stafford and Fred Stanford, Jr. (collectively plaintiffs).[1] Defendants contend that plaintiffs failed to allege in any of their pleadings facts sufficient to establish the district court's jurisdiction. We agree and accordingly vacate the district court's order.

**FACTS AND PROCEEDINGS BELOW**

Plaintiffs allege in substance that they have succeeded to rights of the oil, gas and mineral lessor of certain lands in Jackson County, Texas and that defendants have succeeded to the lessee's interest in that oil, gas and mineral lease with respect to the same land. Plaintiffs claim that defendants have violated a term of the lease that

---

1. The district court subsequently stayed the in-   junction pending appeal.

requires that the lessee bury all of its pipelines below ordinary plow depth upon request by the lessor. Defendants deny, *inter alia,* that any pipelines are not buried below plow depth.

Plaintiffs filed the instant complaint in the court below, formally requesting damages resulting from defendants' failure to bury their pipelines and injunctive relief requiring defendants to create and deliver to plaintiffs a map of defendants' pipelines on the land. Plaintiffs also filed an application for a preliminary injunction ordering defendants to bury all of their pipelines below ordinary plow depth and to provide plaintiffs with such a map.

Plaintiffs stated in their complaint that the district court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The complaint suggests no other basis of jurisdiction. Section 1332(a)(1) provides that the district courts shall have original jurisdiction of civil actions between citizens of different states. The complaint alleges plaintiffs are each citizens of Texas and that the defendants are a New York corporation and two Delaware corporations, each authorized to do and doing business in Texas and having a Texas office. Defendants, in their response to plaintiffs' application for a preliminary injunction, asserted, *inter alia,* that the suit should be dismissed because diversity jurisdiction did not exist.

Following an evidentiary hearing, the district court issued a preliminary injunction ordering defendants to make and provide plaintiffs "an accurate, scaled map showing the exact location and depth of all" of defendants' pipelines on plaintiffs' property actively used for the transmission of oil or gas and to update such map until final resolution of plaintiffs' suit. The court did not address defendants' jurisdictional claim.[2] Defendants timely filed a notice of appeal under 28 U.S.C. § 1292(a)(1).

## DISCUSSION

On appeal, defendants contend that the district court lacked jurisdiction and that the preliminary injunction therefore must be vacated. Defendants claim that plaintiffs did not allege facts in their pleadings sufficient to establish the existence of diversity jurisdiction. Specifically, they claim that plaintiffs failed to allege that the principal place of business of all of the defendants was not Texas.

■■■ We have previously stated that "[w]here a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect." *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545, 548 (5th Cir. Unit A 1981). In order for a federal court to assert diversity jurisdiction, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.,* 841 F.2d 1254, 1258–59 (5th Cir.1988); *Aetna Casualty & Surety Co. v. Hillman,* 796 F.2d 770, 773 (5th Cir.1986).

■■■ "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil,* 841 F.2d at 1259; *see McGovern v. American Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir.1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern,* 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney,* 83 F.R.D. 482, 487 (S.D.Tex.1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship

---

**2.** The preliminary injunction was issued (and subsequently stayed) before defendants filed any answer to plaintiffs' complaint, but prior to the hearing the defendants had filed, and the district court acknowledged at the beginning of the hearing that he had read, defendants' response to plaintiffs' application for temporary injunction. No evidence at the hearing tended to establish diversity jurisdiction, nor does anything filed in the record as of the time of defendants' notice of appeal or the subsequent district court stay order.

and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure adequately to allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

■ In their complaint, plaintiffs alleged the following facts to establish the existence of diversity jurisdiction:

"Burr Stafford, Harrison Stafford, Harrison Stafford II, Mourine Stafford, and Fred Stanford, Jr. are individuals who reside in Jackson County, Texas. Defendant Mobil Oil Corporation is a New York corporation, authorized to do business in the State of Texas. Mobil Oil Corporation has an office at 12450 Greenspoint in Houston, Harris County, Texas. Mobil Oil Corporation also has agents and representatives conducting its business in a regular and permanent manner in Houston, Harris County, Texas. Mobil Oil Corporation may be served through its registered agent for service, Prentice Hall Corporation System, at 807 Brazos, Suite 102, Austin, Texas 78701. Defendant Mobil Exploration & Producing U.S. Inc. is a Delaware corporation, authorized to do business in the State of Texas. Mobil Exploration & Producing U.S. Inc. has an office at 12450 Greenspoint in Houston, Harris County, Texas. Mobil Exploration & Producing U.S. Inc. also has agents and representatives conducting its business in a regular and permanent manner in Houston, Harris County, Texas. Mobil Exploration & Producing U.S. Inc. may be served through its registered agent for service, Prentice Hall Corporation System, at 807 Brazos, Suite 102, Austin, Texas 78701. Defendant Mobil Pipe Line Company is a Delaware corporation, authorized to do business in the State of Texas. Mobil Pipe Line Company has an office at 505 Aldine Bender in Houston, Harris Country, Texas. Mobil Pipe Line Company also has agents and representatives conducting its business in a regular and permanent manner in Houston, Harris County, Texas. Mobil Pipe Line Company may be served through its registered agent for service, Prentice Hall Corporation System, at 807 Brazos, Suite 102, Austin, Texas 78701."

"For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil*, 841 F.2d at 1258 (citing 28 U.S.C. § 1332(c)). Plaintiffs have stated facts alleging only one of these two possible states of corporate citizenship with respect to each defendant, which is not enough to establish diversity jurisdiction. *Leigh v. National Aeronautics & Space Admin.*, 860 F.2d 652, 653 (5th Cir.1988).

■ Plaintiffs do not dispute that they failed to allege sufficient facts in their pleadings for the purpose of establishing the existence of diversity jurisdiction. Nor do plaintiffs dispute that the record as made below when defendants' notice of appeal was given (and when the injunction was stayed, as well) is insufficient to factually establish diversity jurisdiction. However, plaintiffs request for the first time on appeal that this Court allow them to amend their pleadings to include additional allegations of facts reflecting diversity jurisdiction (no other basis for federal court jurisdiction is asserted) pursuant to 28 U.S.C. § 1653.[3] Section 1653 states that "[d]efective allegations of jurisdiction may be

---

**3.** At oral argument in this court, plaintiffs also claimed for the first time that the district court's preliminary injunction was in fact a discovery order and therefore cannot be appealed to this Court. Plaintiffs characterized the motion which led to the district court's order as an "Application for Preliminary Injunction," which was accompanied by a "Brief in Support of Plaintiffs' Application for Preliminary Injunction." The district court's order was entitled "Preliminary Injunction Order" and it required that defendants create a document not in existence. It is obvious from the record that the purpose and function of the order was not discovery but was rather to allow plaintiffs to have safe use of their land pending ultimate resolution of the suit. At all times below the court and all parties treated the matter as a preliminary injunction. We find the plaintiffs' claim that this is a discovery order to be wholly without any arguable merit.

amended, upon terms, in the trial or appellate courts."

This Court has held that a party shall be allowed to amend its complaint in order to make a complete statement of the basis for federal diversity jurisdiction where "diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist." *Leigh*, 860 F.2d at 653. Thus, "[s]ection 1653 provides a method for curing defective *allegations* of jurisdiction" where the defect is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship. *Aetna*, 796 F.2d at 775 (emphasis in original).

However, where there the defect is "basic and actual, not formal, ... amendment of [the] pleadings is unavailing." *Russell v. Basila Mfg. Co.*, 246 F.2d 432, 433 (5th Cir.1957) (citations omitted); *see also Mc-Govern*, 511 F.2d at 654 (amendment of inadequate allegations of diversity jurisdiction disallowed where "there is no indication in the record that diversity in all probability exists"). In the instant case, we cannot treat the defect as merely one of form, rather than one of substance. Defendants contend, and contended below, that diversity jurisdiction does not and did not exist. The district court never had before it, at any time relevant to this appeal, any evidence tending to establish the presence of diversity jurisdiction, and it made no jurisdictional finding. In response to an inquiry from this Court, defendants asserted that Mobil Pipe Line Company and Mobil Exploration and Producing, U.S., Inc. had their principal place of business in Texas at and after the time that plaintiffs filed their suit. Defendants stated further that they have filed affidavits to this effect in connection with the filing of an amended motion to dismiss in the district court. In these circumstances, we are unable to say that the jurisdictional defect with respect to the order appealed from can be cured by amendment in this court pursuant to section 1653, and plaintiffs' request to so amend for purposes of this appeal is hence denied.

## CONCLUSION

Plaintiffs have failed to allege facts in their pleadings sufficient to establish the existence of federal diversity jurisdiction. The defendants challenged the existence of diversity jurisdiction below, and do so here, and the evidence of record does not establish such jurisdiction, nor did the district court make any express jurisdictional finding or ruling. In determining this appeal, we can only conclude that the district court lacked jurisdiction to issue the preliminary injunction, and accordingly the preliminary injunction is hereby

VACATED.