IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-20878

ERROL P. HOWERY,

Plaintiff-Appellant,

versus

ALLSTATE INSURANCE CO.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

February 28, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and DUHÉ, Circuit
Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Errol Howery's home burned down. When he demanded payment
from his insurer, Allstate Insurance Company, it refused, accusing
him of arson. Howery filed suit in Texas state court. After more
than two years, as the case was approaching trial, Allstate removed
this case to federal court, asserting federal question
jurisdiction. The district court denied Howery's motion to remand.
After another year of litigation in federal court, a jury agreed
with Allstate.

Howery appealed, challenging federal subject-matter
jurisdiction and the district court's refusal to remand. Because
Howery's complaint does not raise a federal question and the record

fails to establish diversity of the parties, we vacate the judgment of the district court and remand with instructions to dismiss for lack of jurisdiction.

I

A

Errol Howery owned a townhome that he insured against fire with Allstate Insurance Company. When Howery's home burned down, he filed a claim with Allstate. Allstate refused to pay, convinced that Howery had committed arson.

On March 5, 1996, Howery filed suit against Allstate in a state court of general jurisdiction in Texas. During the next two and a half years, Howery filed ten amended complaints. Only in the last was there any reference to federal law. In his Tenth Amended Complaint, which he filed August 11, 1998, Howery mentioned for the first time "Federal Trade Commission rules, regulations, and statutes."

Allstate filed a notice of removal on August 20, 1998, asserting that Howery's complaint raised a federal question. Allstate did not allege the existence of diversity jurisdiction nor state the citizenship of the parties.[1] The case was removed to the United States District Court for the Southern District of Texas. After Howery deleted the reference to federal law in his complaint, he moved for remand, which the district court denied. The court

_____

[1] Allstate alleged that the case was "not removable as originally filed"—thereby disclaiming the existence of diversity.

also denied Howery's subsequent motion to amend his complaint to add federal claims.

The case proceeded on Howery's claim of bad faith denial of insurance coverage and breach of contract. The court granted summary judgment for Allstate on the bad faith claim, and after trial a jury sustained Allstate's defense of arson. The court entered judgment against Howery.

Howery filed an appeal of the judgment on September 3, 1999. Howery argued that there was no federal question, and thus no jurisdiction; he further argued that the district court abused its discretion in refusing to remand the case to state court. Briefing of the appeal was completed almost a year later, and oral arguments were scheduled for January 8, 2001. At oral argument, counsel for Allstate raised for the first time the issue of diversity jurisdiction.

B

Howery's tenth amended complaint is the center of the dispute over federal question jurisdiction. It alleged, in relevant part:

> The acts, omissions, and other wrongful conduct of Allstate complained of in this petition constituted unconscionable conduct or unconscionable course of conduct, and false, misleading, or deceptive acts or practices. As such, Allstate violated the Texas Deceptive Trade Practices Act, Sections 17.46, et seq., and the Texas Insurance Code, including articles 21.21, 21.21-1, 21.55, and the rules and regulations promulgated thereunder, specifically including 28 TAC Section 21.3, et seq. and 21.203.
> . . .
> Allstate's destruction of [Howery's] file . . . constituted a further violation of the Texas Deceptive Trade Practices Act, for which plaintiff sues for recovery. Allstate also engaged

3

in conduct in violation of the Federal Trade Commission rules, regulations, and statutes by obtaining Plaintiff's credit report in a prohibited manner, a further violation of the Texas Deceptive Trade Practices Act. . . .
As a further basis for this claim and further evidencing Allstate's statutory and common law violations, Howery would show that Allstate has sought to profit from its denial of his claim.

The complaint does not contain allegations of diversity or lack of diversity. It states that Howery is a citizen of Texas, but does not allege the citizenship of Allstate.

## II

Federal courts are courts of limited jurisdiction.[2] We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.[3] In this case, Allstate invoked the jurisdiction of the federal courts by removing Howery's state court case to federal court. Allstate must prove that federal jurisdiction existed at the time of removal,[4] or, at the very least, have alleged facts prior to the entry of judgment in this case that establish federal subject-matter jurisdiction.[5] Without

---

[2] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[3] *Id.; see also Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.") (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

[4] *See Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).

[5] *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73, 75 (1996); *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000) ("Even if a court lacks jurisdiction at the time of removal and regardless of whether there was an objection to the removal, the judgment will stand if the court had jurisdiction at the time it entered judgment. If, however, the court

4

the presence of such facts in the record, a federal court does not have jurisdiction over the case.[6]

It is true that *Caterpillar v. Lewis*[7] holds that improper removal does not automatically nullify a subsequent federal court judgment when the record establishes that the defect in federal jurisdiction was cured before judgment,[8] but *Caterpillar* merely forgives "untimely compliance" with the removal statute;[9] it still requires that jurisdiction be established by the time judgment was entered.[10] We therefore examine the record of this case to determine whether the facts or allegations in the record establish the existence of subject-matter jurisdiction at the time of removal or, at the latest, at the time of judgment. At the same time, we need not address the denial of the motion to remand if the district court lacked subject-matter jurisdiction.

---

lacked jurisdiction both at the time of removal and judgment, the judgment cannot stand.") (citations omitted); *Texas Beef Group*, 201 F.3d at 686.

[6] *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. Unit A 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect.").

[7] 519 U.S. 61 (1996).

[8] *Id.* at 64.

[9] *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998).

[10] *See Caterpillar*, 519 U.S. at 76-77 ("[I]f, at the end of the day and case, a *jurisdictional* defect remains uncured, the judgment must be vacated. . . . In this case, however, no jurisdictional defect lingered through judgment in the District Court.").

III

A

We first consider federal question jurisdiction. Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."[11] In determining whether a case "arises under federal law" we look to whether the "plaintiff's well-pleaded complaint raises issues of federal law."[12]

The general rule for determining whether a case raises a federal question was announced by Justice Holmes in *American Well Works Co. v. Layne & Bowler Co.*[13]: a "suit arises under the law that creates the cause of action."[14] This famous formulation actually serves better to include than to exclude federal cases,[15] however, in that claims created by state law often incorporate federal standards or require the interpretation of federal law. That is, the claim arises from state law but may turn on a question of

---

[11] 28 U.S.C. § 1331 (2000).

[12] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Federal question jurisdiction over a case removed from state court also depends on the well-pleaded complaint rule. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "[T]he plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988). The burden of establishing jurisdiction rests on the party seeking removal. *See id.* at 1164.

[13] 241 U.S. 257 (1916).

[14] *Id.* at 260.

[15] *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983).

federal law embedded in the matrix of state law.  But *when* this federal question will sustain "arising under" jurisdiction is the question.  These cases are not answered by Holmes's formulation. In *Gully v. First National Bank in Meridian*,[16]  Justice Cardozo offered one answer: "To bring a case within the [federal question jurisdiction] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.  The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another."[17]  This was later refined in *Franchise Tax Board*,[18] which insisted that the embedded federal question be substantial.[19]                Under *American Well Works*, a complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States. Under *Gully* and *Franchise Tax Board*, the complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential

---

[16] 299 U.S. 109 (1936).

[17] *Id.* at 112 (citations omitted).

[18]  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983).

[19] *Id.* at 13 ("[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."); *see also Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir. 1988).

element of the state claim, (2) interpretation of the federal right is necessary to resolve the case,[20] and (3) the question of federal law is substantial. Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake—a view embraced by two giants in this field.[21] Allstate argues that Howery's complaint states a claim created by federal law. In the alternative, Allstate claims that Howery's reference to federal law creates federal question jurisdiction under *Gully* and *Franchise Tax Board*.

B

Allstate first argues that by mentioning the rules, regulations, and statutes of the FTC, Howery is stating a claim under the federal Fair Credit Reporting Act.[22] A fair reading of the complaint, however, makes clear that it was not invoking the FCRA to state a federal claim. Howery's mention of the FTC rules, regulations, and statutes falls in the middle of a list of alleged Allstate actions that Howery alleged were "further violation[s]" of the Texas Deceptive Trade Practices Act.[23] From its context, it

---

[20] Even if a federal right is an element of the state claim, if differing interpretations of the federal right would not affect the outcome of the case, there is no federal question jurisdiction.

[21] *See* David L. Shapiro, *Jurisdiction and Discretion*, 60 N.Y.U. L. Rev. 543, 568-69 (1985); Charles Alan Wright, *Law of Federal Courts* § 17, at 96 (4th ed. 1983).

[22] *See* 15 U.S.C. § 1681 *et seq.* (2000).

[23] Tex. Bus. & Com. Code § 17.41 *et seq.* (2001).

appears that Howery's mention of federal law merely served to describe types of conduct that violated the DTPA, not to allege a separate cause of action under the FCRA. This conclusion is bolstered by the fact that the complaint explicitly alleges that Allstate violated specific sections of the DTPA and Texas Insurance Code and regulations, but makes no explicit mention of any specific federal statute or regulation.

C

Federal jurisdiction is sustainable then only if Howery's DTPA claim requires resolution of a substantial question of federal law. Allstate must show that (1) a federal right is an essential element of Howery's state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Allstate fails all three prongs of the test.

First, no federal right is an essential element of Howery's DTPA claim. The DTPA forbids a wide range of conduct, prohibiting "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce"[24] and enumerating a long list of specific practices that violate the DTPA.[25] Conduct that violates the FCRA could possibly fall within the broad scope of the DTPA. But a

---

[24] Tex. Bus. & Com. Code § 17.46(a).

[25] Tex. Bus. & Com. Code § 17.46(b). The private right of action under the DTPA is limited to recovery for injuries caused by conduct listed in this subsection. *See* Tex. Bus. & Com. Code § 17.50.

violation of the FCRA is not an element of the DTPA; the statute itself explicitly disclaims such a construction.[26]

Second, interpretation of a federal right is not necessary to this case. Since no federal right is an element of Howery's state claim, no federal right needs to be interpreted. Even if a violation of the FCRA were an element of a DTPA claim, Howery's complaint alleges that the FCRA violation is one of many alternate grounds for finding a violation of the DTPA. As an alternate theory supporting a single claim, the federal question is not a *necessary* element of the state claim, and thus does not create federal question jurisdiction. The Supreme Court has employed this reasoning in the patent context in *Christianson v. Colt Industries Operating Corp.*[27]

Allstate argues that *Christianson* is no longer the law.[28] We disagree. *Christianson*'s principle that a suit does not create federal question jurisdiction when the federal question appears only in an alternative argument for relief flows directly from the holding in *Gully* that interpretation of the federal question must be necessary to resolve the case. This principle recognizes that

---

[26] "A violation of a provision of law other than this subchapter [the DTPA] is not in and of itself a violation of this subchapter." Tex. Bus. & Com. Code § 17.43.

[27] 486 U.S. 800, 809-810 (1988).

[28] Allstate argues that *Christianson* should be confined to apply only to its specific context in the area of patent law. This court has already rejected such a narrow reading of *Christianson*. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1170-71 (5th Cir. 1988) (applying *Christianson* to a non-patent law context).

10

*Gully* defines and narrows the class of cases in which there is federal question jurisdiction when a claim arises from state law.[29] An expansive interpretation of the federal question statute to allow federal courts to assert jurisdiction over cases with tangential and inessential federal components would step upon the authority of state courts to decide state law and ignore the capacity of state courts to decide questions of federal law. It would allow a federal tail to wag the state dog. *Franchise Tax Board* recognized as much with its insistence that the federal question be substantial before a federal court takes jurisdiction over a case stating only state law claims.[30]

Third, for reasons that are now wholly evident, the federal question in this case is not "substantial." The state law issues overwhelm the federal law issues. No federal question jurisdiction exists in this case.

IV

Allstate did not suggest the presence of diversity jurisdiction until almost five years after Howery filed suit; and it never raised the issue before the district court. It is true that subject-matter jurisdiction cannot be created by waiver or consent. It is equally true that federal courts must address

---

[29] *See Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 88 (5th Cir. 1986) (characterizing *Franchise Tax Board* as describing "narrow exceptions" to the rule of *American Well Works*).

[30] *See Franchise Tax Board*, 463 U.S. at 13.

jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.[31]

The parties have rights to choice of forum. Exercising that right should carry no pejorative cost of "forum shopping." That said, that Allstate did not remove for reason of diversity at the outset was either an inadvertence or a tactical decision. Either way, Allstate is not an attractive beneficiary of a last minute save of jurisdiction. If that circumstance controlled the decision, it is easily answered. But that is not the teaching of *Caterpillar*.[32] Rather, our concern is to bring an end in the most efficient way possible to this case, if the federal courts have the power to do so.[33]

The burden of establishing federal jurisdiction rests on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must "distinctly and affirmatively allege[ ]" the citizenship of the parties.[34] "Failure adequately to allege the basis for diversity jurisdiction mandates

---

[31] *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990).

[32] *See Caterpillar v. Lewis*, 519 U.S. at 75-78.

[33] *See id.* at 77 ("To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.").

[34] *Stafford*, 945 F.2d at 804 (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)); *see also Whitmire v. Victus Limited T/A Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (noting that the rule that citizenship must be distinctly and affirmatively alleged requires "strict adherence").

12

dismissal."[35]  Allstate thus bears the burden of establishing diversity; if it fails to meet that burden, we cannot presume the existence of federal jurisdiction.

Allstate has never pleaded diversity of the parties.  It suggested that the parties were diverse for the first time at oral argument before this court.  We nonetheless will overlook Allstate's failure to plead diversity if Allstate can identify allegations and evidence in the record demonstrating diversity. This court allows parties to cure "technical defects or failure to specifically allege the citizenship of a party . . . in the appellate courts,"[36] but only when the amendment "would do nothing more than state an alternative jurisdictional basis for recovery *upon the facts previously alleged*."[37]  In other words, when the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse, we allow that party to amend its pleadings to correct for their technical deficiency.[38]  Yet, if there is no evidence of diversity on the record, we cannot find

---

[35] *Stafford*, 945 F.2d at 805.

[36] *Whitmire v. Victus Limited T/A Master Design Furniture*, 212 F.3d 885, 888 (5th Cir. 2000).

[37] *Id.* (emphasis added and internal quotation marks omitted).

[38] *See Stafford*, 945 F.2d at 805-06; 28 U.S.C.A. § 1653 (2000).

13

diversity jurisdiction, and we must dismiss the action for lack of jurisdiction.[39]

Allstate argues that the record establishes that Howery and Allstate are diverse. It points to the federal pretrial order; to Allstate's answers to Howery's amended complaints in federal court; and to Allstate's Certificate of Counsel with Notice of Disclosure of Interested Persons, which it filed with its Notice of Removal.

The federal pretrial order makes no statements about the citizenship, place of incorporation, or principal place of business of Allstate. It merely states that Howery is a resident of Houston, Texas, and that Allstate has subjected itself to the personal jurisdiction of the court.

Allstate's answers to Howery's federal complaints specifically deny the allegations of Howery's complaints that Allstate "is a domestic insurance carrier." They admit the allegation that Howery is a citizen of Texas. They make no other statements relevant to diversity jurisdiction.

---

[39] *See Stafford*, 945 F.2d at 806. Allstate asserted at oral argument that our cases allow parties to present evidence in support of jurisdictional claims on appeal. This is incorrect. As we have explained above, facts establishing jurisdiction must have been alleged at the time judgment was entered. The case cited by Allstate, *Whitmire*, 212 F.3d at 888, says as much. *See also Caterpillar*, 519 U.S. at 76-77; *cf. Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1260 (5th Cir. 1988) (remanding to district court to rule on the existence of diversity jurisdiction in the first instance, given that the record was unclear). Of course, prior to judgment, a party may amend its pleadings to allege omitted jurisdictional facts. *See, e.g., D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (affirming a finding of diversity jurisdiction when the defendant, prior to judgment, amended its removal petition to specifically allege the citizenship of the parties).

Allstate's Certificate of Counsel with Notice of Disclosure of Interested Persons lists Allstate as an interested person and provides an Illinois address.[40]  It states that Allstate was formed and incorporated under the laws of Illinois.  It also notes that "[t]he Texas Department of Insurance characterizes Allstate Insurance Company as a foreign, stock, casualty and property insurance company."  It makes no other statements relating to jurisdiction.

As a corporation, Allstate is a citizen of two states: its state of incorporation, and the state of its principal place of business.[41]  The portions of the record cited by Allstate establish that Howery is a citizen of Texas and that Allstate is incorporated in Illinois, and thus a citizen of Illinois.  This is not the end of the inquiry, however.  Diversity of parties must be complete,[42] and therefore Allstate must establish that Allstate's principal place of business is not Texas.

Determining a corporation's principal place of business is a factual inquiry dependent on a number of factors.  The "total activity" test that this circuit applies is expounded upon at

---

[40] It also lists Howery and provides a Texas address.

[41] *See* 28 U.S.C. § 1332(c)(1) (2000).

[42] *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

15

length in *J.A. Olson Co. v. City of Winona*.[43]  This test is a synthesis of the "place of activity" and "nerve center" tests some courts have employed.[44]  Essentially, "[w]e look to the nature, location, importance, and purpose of a corporation's activities and the degree to which those activities bring the corporation into contact with the local community."[45]

The record in this case lacks such evidence of Allstate's principal place of business.  The portions of the record cited by Allstate prove only (1) that Allstate has a mailing address in Illinois and (2) that Allstate is a "foreign" insurance company, as designated by the Texas Department of Insurance.  Unfortunately for Allstate, the designation "foreign" by the Texas Department of Insurance merely indicates that the company was incorporated in another state.[46]  From the record, we have no inkling as to Allstate's principal place of business.

---

[43] 818 F.2d 401, 404-10 (5th Cir. 1987).

[44] *See id.* at 406, 409.

[45] *See Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164 (5th Cir. 1998).

[46] *See* Tex. Ins. Code art. 3.01 § 6 (defining "foreign company").  In our own review of the record, we find indirect *disavowals* of diversity jurisdiction by Allstate.  In its removal-related motions, Allstate repeatedly asserts that there was no basis for removal until Howery filed his tenth amended complaint. This claim necessarily implies the absence of diversity jurisdiction.  By taking this position, Allstate avoided a remand to state court based on its failure to remove the case within thirty days of the filing of Howery's original complaint. *See* 28 U.S.C. § 1446(b) (2000) (prohibiting removal more than thirty days after the filing of a pleading that states a removable case).

16

Whether for tactical reasons or out of mere inadvertence, Allstate has failed to plead or to present evidence of diversity of the parties at any point in this case's odyssey through state and federal court.  The record fails to establish federal jurisdiction at either the time of removal or at the time of judgment.

V

Howery's tenth amended complaint does not raise a federal question that will support federal question jurisdiction.  The record does not contain allegations or evidence of diversity of the parties.  We then lack jurisdiction over this case and we need not address Howery's challenge to the district court's refusal to remand.  We VACATE the judgment of the district court and REMAND this case to the district court with instructions to DISMISS the case for lack of jurisdiction.