**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

No. 10-51148

Lyle W. Cayce
Clerk

RICHARD SIMON; JANELLE SIMON; ERIC CURTIS; JOSE VEGA,

Plaintiffs - Appellants

v.

HEATH TAYLOR; JERRY WINDHAM; PAT WINDHAM,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-827

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

The original plaintiffs, Richard Simon, Janelle Simon, and Eric Curtis, brought this diversity suit against Heath Taylor, Jerry Windham, and Pat Windham. The plaintiffs alleged several tort causes of action under New Mexico law. The complaint alleges that the defendants cheated at the All American Futurity quarter horse race by entering a horse that had ingested caffeine. Before the trial court ruled on the motion to dismiss, the plaintiffs voluntarily amended their complaint to include Jose Vega, the jockey of their horse, as one

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51148

of the plaintiffs.  The district court granted the motion to dismiss, finding that there was no cognizable tort claim against a co-competitor in a sport, that it was against public policy for a federal court to meddle in the highly-regulated sport of horse racing, and that the plaintiffs-appellants lacked standing to sue on their claims.

On appeal, we *sua sponte* raised whether the complaint adequately alleges federal jurisdiction. The following allegations in the amended complaint prompted us to raise the issue:  that plaintiffs Richard Simon, Janelle Simon, and Eric Curtis are "residents" of Louisiana;  that plaintiff Jose Vega is a "resident" of Texas; and that defendants Heath Taylor, Jerry Windham, and Pat Windham are "residents" of Texas.  Furthermore, the only jurisdictional basis for the plaintiffs' claims is diversity of citizenship under 28 U.S.C.  § 1332.

It is well established that for a federal court to exercise  jurisdiction based on diversity of citizenship, diversity must be complete.  *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258-59 (5th Cir.1988). Furthermore,"[t]he burden is on a plaintiff to allege and invoke jurisdiction," *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); and "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Thus, the plaintiffs have failed to establish complete diversity because, according to their amended complaint, both plaintiff Jose Vega and the defendants are residents of Texas.  The district court, therefore, erred in exercising jurisdiction over this lawsuit.[1]

---

[1] Our own review of the record does not reveal any evidence that would cure the jurisdictional defects in the plaintiffs' complaint. *See Delome v. Union Barge Line*, 444 F.2d 225, 233 (5th Cir. 1971) (holding that a court of appeals has discretion to delve into the record in search of evidence establishing diversity jurisdiction).

No. 10-51148

After discovering the jurisdictional defects in this case, we directed the parties to submit letter briefs addressing the complaint's jurisdictional shortcomings.  In response, the appellants filed a motion to amend their complaint in order to allege that Jose Vega is a *citizen* of Louisiana.  *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction *may* be amended, upon terms, in the trial or appellate courts.") (emphasis added).  Even if we allowed the proposed amendment to the complaint, all of the jurisdictional shortcomings in this case would not be cured, because the plaintiffs-appellants continue to allege only that the parties, except for Jose Vega, are "residents" of their respective states.  Diversity jurisdiction requires that the parties be "*citizens* of different States," 28 U.S.C. § 1332(a)(1) (emphasis added); and an allegation that the parties are "residents" of particular states is insufficient to provide the court with diversity jurisdiction.[2] *See Nadler v. American Motor Sales Corp.*, 764 F.2d 409, 413 (1985).  Despite having opportunities to cure the jurisdictional defects in the complaint, the appellants have made no effort to amend their jurisdictional allegations as to any party except Jose Vega.  Moreover, the appellants indicated in their motion to amend the complaint that they were aware that pleading residency was insufficient to satisfy § 1332's citizenship requirement.

Accordingly, we VACATE the district court's judgment on the merits and REMAND to the district court for entry of dismissal in accordance with this opinion.

VACATED and REMANDED.

---

[2] It is important to distinguish between citizenship and residency, because a "citizen of one state may reside for a term of years in another state, of which he is not a citizen; for, citizenship is clearly not co-extensive with inhabitancy." *Bingham v. Cabbot*, 3 U.S. (Dall.) 382, 383, 1 L.Ed. 646 (1798).