# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11372
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2018

Lyle W. Cayce
Clerk

JAMES L. RANKINS III,

     Plaintiff - Appellant

v.

JOHN MCGOWAN WORKING PARTNERS, INCORPORATED

     Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 4:17-CV-881

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Plaintiff James L. Rankins, III brought this *pro se* action against Defendant John McGowan Working Partners, Inc. in the Northern District of Texas, alleging that McGowan Working Partners committed unauthorized drilling for oil, gas, and minerals on several of Rankins' properties. Below, the district court ordered Rankins to file an amended complaint, as Rankins' initial complaint failed to "adequately allege diversity jurisdiction under 28 U.S.C.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-11372

§ 1332." Rankins did so, but once again, Rankins failed to allege "any facts to show the place of incorporation and principal place of business of" McGowan Working Partners. Accordingly, the district court dismissed Rankins' claims, and Rankins timely appeals.

"The burden of establishing federal jurisdiction rests on the party seeking the federal forum."[1] For diversity jurisdiction then, "the party asserting federal jurisdiction must 'distinctly and affirmatively allege' the citizenship of the parties."[2] "'Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.'"[3] Rankins fails to meet his burden, as he does not plead the citizenship, place of incorporation, or principle place of business of McGowan Working Partners. Rankins' opening brief does not address diversity jurisdiction, and the record is likewise deficient. The district court therefore properly dismissed Rankins' claims.

AFFIRMED.

---

[1] *Howry v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

[2] *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)) (brackets removed).

[3] *Id.* (quoting *Stafford*, 945 F.2d 805).