# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2019

Lyle W. Cayce
Clerk

No. 19-50261
Summary Calendar

FREDERICK COLLINS FERMIN,

Plaintiff - Appellant

v.

PRIEST OF SAINT MARY - MARFA, TEXAS; DIOCESE OF EL PASO, TEXAS,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CV-327

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:*

Frederick Collins Fermin sued the Diocese of El Paso and an unnamed priest for using a crucifix during his baptism in 1925. He alleges that the priest did so "in violation of God's law," citing, among other Bible verses, the Second Commandment's prohibition of idolatry. *See* EXODUS 20:4. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted the Diocese's motion to dismiss for lack of subject matter jurisdiction, and we affirm.

Fermin says the district court had both diversity and federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. But he did not meet his burden of pleading facts in support of either. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Diversity jurisdiction requires complete diversity of citizenship—that is, neither defendant can be a citizen of the same state as Fermin. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Fermin fails to allege state citizenships for himself or the defendants. That "failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Id.* at 805. Plus, as the district court observed, by all appearances there is not complete diversity: Fermin's signature block on his complaint lists a San Antonio address, and the Diocese is presumably an El Paso resident.

Moving to federal question jurisdiction, we note that Fermin raises a First Amendment claim. That claim arises under federal law, so it survives a challenge to subject matter jurisdiction unless it is so "completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)). But a First Amendment claim against a church and a priest cannot meet that low bar. The First Amendment constrains state action, not private conduct. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019). Churches and priests are not state actors. Indeed, if the First Amendment had any role to play in this case, it would be to warn us against delving into a dispute about religious doctrine. *See Serbian E. Orthodox Diocese for U.S. & Canada v. Milivojevich*, 426 U.S. 696, 709 (1976).

We thus need not consider Fermin's argument that the district court erred in denying his motion for default judgment. The Diocese admits that it

No. 19-50261

filed its answer two days late.  But without subject matter jurisdiction, the district court could not have granted a default judgment even if one had been warranted.  *Mitchell v. Texas*, 56 F.3d 1385, 1995 WL 337749, at \*1 (5th Cir. 1995) (per curiam).

\*     \*     \*

The district court's judgment is AFFIRMED.