# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2023

Lyle W. Cayce
Clerk

No. 22-60518
Summary Calendar

Charles Lavel Stringer,

*Plaintiff—Appellant*,

*versus*

Frito-Lay Corporation; Kroger Food Corporation;
Pepsi Corporation, *a Parent Company to Frito-Lay*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-1

Before Smith, Dennis, and Elrod, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Charles Stringer appeals the district court's grant of Defendant-Appellees Frito-Lay Corporation, Kroger Food Corporation, and Pepsi Corporation's motion to dismiss for lack of subject-matter jurisdiction. We conclude that the district court did not commit reversible error and therefore AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60518

## I.

In 2018, Frito-Lay announced its "They Win, You Score" Promotion ("Promotion"). Individuals were invited to participate by either purchasing specially marked Doritos or Tostitos products with an identifying code on the bag, or by calling a toll-free number to obtain a code without making a purchase. After the participant obtained a code, they visited the Promotion's website to create an account. After logging into an account, and agreeing to the Official Rules of the Promotion, the participant could enter the code to receive an NFL Playoff Team Assignment and one entry into the Grand Prize drawing. If the participant's NFL Playoff Team won their respective NFL game associated with the promotion, the participant was eligible to receive a reward—subject to verification. Additionally, the Official Rules provided:

> One (1) Grand Prize winner will be selected in a random drawing to be held on or about February 5, 2018, from among all eligible entries received by the Judges. Odds of winning the Grand Prize depend upon the number of eligible entries received.

The Promotion's Official Rules further provided that other rewards would be randomly awarded, but that reserved the right to add or substitute rewards of the same approximate retail value for any reason. The possible rewards included the Madden Ultimate Team ("MUT") Pack, Pro Pack, or All Madden Pack; a $10 NFLShop.com online gift certificate; an NFLShop.com discount code for 15% off a purchase of $50.00 or more; and a digital coupon code for a 2L Pepsi with the purchase of a large Papa John's Pizza.

Stringer alleges that at some point in January 2018, he purchased Doritos, entered the relevant code on the Promotion website, and was informed that "if the Philadelphia Eagles [win] the Super Bowl [LII], you [will win] a trip to the Super Bowl [LIII]." Later, on February 7, 2018, Stringer alleges he received an email that stated:

No. 22-60518

> You are a potential winner of the following reward in the 'They Win. You Score!' Super Bowl Edition, pending verification against the Official Rules.
>
> MUT Pack: All Madden Pack
>
> Please go to [website] within 5 days to redeem your reward. If you win another reward in this promotion, we will use the address you provided this time and you will not receive another email.

Stringer alleges that when he received the above-mentioned email, he believed that he had won the Grand Prize tickets to the Super Bowl. Stringer also alleges that he entered a second Promotion code on the website, which told him Stringer that he could choose between an Xbox or another, unknown, prize. Stringer chose the Xbox. Afterwards, Stringer could not figure out how to redeem his prizes due to issues with the website.

After failing to satisfactorily resolve his issues, Stringer filed this lawsuit, alleging claims of fraud, gross negligence, intentional infliction of emotional distress, and perjury. The magistrate judge directed Stringer to file an affidavit setting forth the citizenship of each party, the financial value of his case, and the specific, underlying factual basis for his damages that allegedly exceeded the jurisdictional requirement. Stringer subsequently filed an amended complaint, which did not comply with the magistrate judge's order. The district court then directed that Stringer should file another amended complaint that set forth the basis for the court's subject-matter jurisdiction, including the specific citizenship of all parties, a sworn affidavit regarding the financial value of the case, and the specific factual basis for his claims for damages. The order also advised Stringer that "merely claiming an amount of [$75,000] is insufficient." Stringer did not file any additional pleadings or affidavits. On May 22, 2019, Frito-Lay and Pepsi filed a joint motion to dismiss; Kroger did the same on June 11, 2019. The district

court dismissed the case after determining that it lacked subject matter jurisdiction.

## II.

The district court's ruling on subject matter jurisdiction is reviewed de novo. *Adams Joseph Res. (M) Sdn. Bhd. V. CAN Metals Ltd.*, 919 F.3d 856, 862 (5th Cir. 2019). This court may affirm the district court's dismissal on any basis sustained by the record. *Boag v. MacDougall*, 454 U.S. 364 (1982); *Turner v. AmericaHomeKey Inc.*, 514 F. App'x. 513, 515 (5th Cir. 2013). Plaintiff is acting *pro se*, which requires courts to liberally construe their filings and pleadings. *Boag*, 454 U.S. at 365. However, we need not "act as counsel or paralegal." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

## III.

Courts have a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc., v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); FED. R. CIV. P. 12(h)(3). Further, when subject-matter jurisdiction issues are raised, the court must address them before looking to the merits of the case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In order for a federal court to have jurisdiction under diversity of citizenship, "the matter in controversy [must] exceed[] the sum or value of $75,000" and be between citizens of different states. 28 U.S.C. § 1332(a). When analyzing the citizenship of a corporation, the corporation is deemed a citizen of every state in which it has been incorporated and the state where it has its principal place of business. *Id.* § 1332(c)(1). The burden of proof is on the party attempting to invoke the court's jurisdiction. *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (citing *Stafford v. Mobile Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). The party asserting diversity jurisdiction "must distinctively and affirmatively allege [] the citizenship of the parties." *Id.* (alteration in original) (internal citations omitted).

No. 22-60518

Despite a direct request from the district court, Stringer failed to adequately allege the citizenship of the Defendants in this case. Stringer's amended complaint, read in the light most favorable to Stringer, identifies the following: Stringer is a resident of the State of Mississippi, Defendant Frito-Lay is a corporation whose principal place of business is the State of Texas, Defendant Pepsi is a corporation whose principal place of business is the State of New York, and Defendant Kroger is a corporation whose principal place of business is the State of Ohio. However, Stringer does not specify the state of incorporation of any of the parties. We have previously held that where a plaintiff failed to allege both the state of incorporation and principal place of business under 28 U.S.C. § 1332(c), diversity jurisdiction was not established. *See Leigh v. Nat'l Aeronautics & Space Admin.*, 860 F.2d 652, 653 (5th Cir. 1988).

In addition to failing to properly allege diversity of citizenship, Stringer failed to adequately support his allegation that the amount in controversy exceeded the $75,000 threshold. The district court, with no obligation to do so, advised Stringer that merely pleading an amount in controversy larger than $75,000 would not suffice. Stringer did not respond to this instruction in his response to Defendants' Motion to dismiss, nor did he submit an amended pleading. Accepting the facts of Stringer's pleadings as true and looking at the Promotion's Official Rules, the value of the Grand Prize that Stringer allegedly won had an approximate retail value of $8,950.00. Although Stringer's amended complaint references Defendants' "combined assets of over one billion dollars" and notes that he is "seeking over million dollars against each" without any further justification, such allegations are insufficient to meet the $75,000 jurisdictional requirement.

Finally, Stringer's amended complaint also alleges violations of the federal perjury statute—18 U.S.C. § 1621—in an attempt to assert federal question jurisdiction under 28 U.S.C. § 1331. However, while 18 U.S.C. §

5

1621 provides a criminal penalty for violations of the statute, the statute does not allow for civil enforcement and therefore cannot be the basis of federal question jurisdiction in a civil lawsuit.

## IV.

For the foregoing reasons, we AFFIRM the district court's judgment.