United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60827
Summary Calendar

RICKY WILSON,

      Plaintiff-Appellant,

v.

JOYCE RAYFORD,

      Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CV-135

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

      Ricky Wilson sued Joyce Rayford for civil fraud, alleging that Rayford sold him a car in which she did not have legal title. The district court *sua sponte* dismissed Wilson's complaint for lack of subject matter jurisdiction.[1] Wilson appeals.

---

      *Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

      [1]*See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

1

Wilson proceeds *pro se*; therefore, we construe his pleadings liberally.[2] However, "[f]ederal courts are courts of limited jurisdiction."[3] Therefore, as always, the plaintiff must show that a statutory basis for federal jurisdiction exists before his case can be heard in federal court.[4] We have carefully considered Wilson's *pro se* complaint and given respectful attention to his arguments on appeal; however, we find no basis for federal court jurisdiction in this case. There is no assertion that this cause of action is between citizens of different states, as required for diversity jurisdiction under 28 U.S.C. § 1332, because Wilson asserts that both he and Rayford are citizens of Mississippi.

Moreover, Wilson has not asserted any claims in his complaint arising under the Constitution, laws, or treaties of the United States, as required for federal question jurisdiction under 28 U.S.C. § 1331. In determining whether a case "arises under federal law" we look to whether the "plaintiff's well-pleaded complaint" raises issues of federal law.[5] Even when read liberally, Wilson's complaint fails to meet this burden. Accordingly, we are without jurisdiction to hear this claim.

For the foregoing reasons, we AFFIRM the district court's dismissal for lack of subject matter jurisdiction.

---

[2]*Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) ("[P]ro se pleadings must be construed liberally.").

[3]*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[4]*See Id.* ("It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."); *see also Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002) ("We thus make especially certain that we take jurisdiction only over such cases as Congress has provided by statute.").

[5]*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).