**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 29, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10897
Summary Calendar

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS-NATIONAL
ELECTRICAL CONTRACTORS ASSOCIATION SOUTHWESTERN HEALTH &
BENEFIT FUND; BOARD OF TRUSTEES OF INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS-NATIONAL ELECTRICAL CONTRACTORS
ASSOCIATION SOUTHWESTERN HEALTH & BENEFIT FUND,

Plaintiffs-Appellees,

versus

JESSIE DOUTHITT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1730-K
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Jessie Douthitt appeals the district court's assumption of subject matter jurisdiction and grant of summary judgment in favor of IBEW-NECA Southwestern Health and Benefit Plan and its Board of Trustees (collectively "the Plan") in this action pursuant to 29 U.S.C. § 1132(a)(3) for reimbursement of benefits paid on behalf of Douthitt, a plan participant.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whether the district court had subject matter jurisdiction is determined based on the plaintiff's complaint. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The Plan's complaint alleged (1) that the Plan sought reimbursement of money it had paid out previously as benefits from $25,000 Douthitt had recovered from a third party; (2) to which the Plan was entitled pursuant to the reimbursement agreement; and (3) that Douthitt had recovered those funds, which were in his attorney's trust account. The district court properly exercised subject matter jurisdiction over the instant action because the Plan's suit was authorized under 28 U.S.C. § 1132(a)(3), and the Plan's complaint sought recovery directly under that statute. See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough, 354 F.3d 348, 356 (5th Cir. 2003), pet. for cert. filed, 70 U.S.L.W. 3513 (U.S. Feb. 5, 2004)(No. 03-1135); Bell v. Hood, 327 U.S. 678, 681-82 (1946). Whether Douthitt actually recovered the money, whether his attorney actually held the funds, and whether the Plan now possesses the funds or a check go to the merits of the Plan's claims, not to the question of the district court's jurisdiction.

Douthitt asserts that the imposition of a constructive trust was not appropriate in this case because there was no fraud involved and because his wife and attorney would not be unjustly enriched by receiving the funds, to which they were legally entitled under the Texas Common Fund Doctrine. Douthitt did not raise these issues in the district court, and we will not allow him

to do so now.  See <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir. 1992).  Additionally, Douthitt's arguments are foreclosed.  <u>See</u> <u>Bombardier</u>, 354 F.3d at 358-62.

AFFIRMED.