# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2008

No. 08-30018
Summary Calendar

Charles R. Fulbruge III
Clerk

EDDIE JAMES JONES

Plaintiff-Appellant

v.

UNKNOWN EMPLOYEES of Kerrville Bus Line; CUSA KBC, LLC, doing business as Kerrville Bus Co

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-526

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eddie James Jones appeals, pro se, the summary-judgment dismissal of his in forma pauperis action for, inter alia, breach of contract. (Jones moves for the appointment of counsel; CUSA KBC d/b/a Kerrville Bus Company (CUSA), to strike statements from Jones' motion. Jones' motion is DENIED; CUSA's is DENIED AS UNNECESSARY.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An automobile in which Jones was traveling malfunctioned near Mansfield, Louisiana, while transporting Jones and fellow passengers between Texarkana, Arkansas, and Lake Charles, Louisiana. Local charitable groups purchased bus tickets to help Jones and the others return to Texarkana. The bus never arrived to take Jones to Texarkana on the evening of 14 March 2006. Returning to the local charities, Jones was provided food and lodging. The next day, Jones and his traveling companions returned to Texarkana.

In this pro se action, Jones alleged he was abandoned by the bus company and exposed to the elements. He sought $1 million for breach-of-contract and emotional-distress damages, and related health-care expenses.

A summary judgment is reviewed de novo. E.g., Rodriguez v. ConAgra Grocery Products Co., 436 F.3d 468, 473 (5th Cir. 2006). Jones claims diversity jurisdiction under 28 U.S.C. § 1332. Such jurisdiction exists, however, only where, inter alia, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". 28 U.S.C. § 1332(a). The party claiming federal jurisdiction has the burden of establishing it. E.g., Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

To determine whether Jones met the amount-in-controversy requirement, a federal court looks to the pleadings and summary-judgment evidence. See St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 288-89 (1938).

> [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed.

Id at 289. Accordingly, the district court looked to the pleadings and summary-judgment evidence and found Jones could not recover an amount sufficient to establish jurisdiction.

Jones alleges three types of damages: costs for food, lodging, medications, and bus tickets; medical expenses resulting from the delay to his travel; and mental anguish.

Pleadings and summary-judgment evidence demonstrate charitable organizations paid for Jones' food, lodging, and bus tickets; he does not claim to have repaid those organizations. Therefore, Jones could not have suffered any economic damages for these items. Jones claims he paid for medication ("asprin and pain releivers" [sic]) on the night of his stay in Mansfield. We agree with the district court that costs for such over-the-counter medications are nominal.

Jones claims his health condition was aggravated by being away from prescription medications for several days and being subjected to the elements while waiting for the bus to arrive. Summary-judgment evidence from Jones included medical bills totaling $4,967 and nursing-home bills totaling $44,440. These claims lack the good faith basis needed to fulfill the amount-in-controversy requirement of 28 U.S.C.§ 1332. We agree with the district court that nothing in the pleadings or summary-judgment evidence suggest these bills are related to any injury or illness incurred as a result of Jones' travel delay in Mansfield.

Jones claims he suffered mental anguish because the bus failed to pick him up on 14 March 2006 in Mansfield. Jones does not allege he suffered any direct physical injury. Pleadings and summary-judgment evidence demonstrate food and shelter were made available to Jones, and that he could not have been exposed to the elements for more than a few hours because the arrival time on the hotel receipt for the night of 14 March was 8:09 p.m. Finally, there is no suggestion in the summary-judgment evidence that Jones feared for his life or safety during his wait for the bus.

Federal courts sitting in diversity must apply state substantive law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 426-27 (1996). In most

circumstances, plaintiffs claiming mental anguish in Louisiana must prove they suffered physical injury.  Moresi v. State Dep't of Wildlife & Fisheries, 567 So.2d 1081, 1095-96 (La. 1990).  There is no suggestion in the pleadings or summary-judgment evidence that Jones suffered any physical injury as a result of the bus not picking him up when expected.

Deviations from this general rule have all required "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious".  Id. at 1096.  The evidence does not invite deviation from the general rule.  We agree with the district court that Jones has not adequately alleged a mental-anguish claim.

In sum, it is obvious from the pleadings and summary-judgment evidence, after reviewing each category of damages, that Jones fails to satisfy the amount-in-controversy requirement.

AFFIRMED.