# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

Charles R. Fulbruge III
Clerk

No. 09-30491

In the Matter of: SAM JUDE HOLLOWAY,

Debtor

---

KIM STANSBURY,

Appellant

v.

SAM JUDE HOLLOWAY,

Appellee

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CV-0068

---

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

The issue in this appeal is whether a bankruptcy court order denying the enforcement of a settlement agreement is an appealable order for purposes of appellate review by the district court and this court. The bankruptcy court order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30491

did not adjudicate all the claims in the adversary proceeding, the district court did not grant leave to appeal the interlocutory order, and the parties did not obtain certification to appeal the interlocutory order to this court. Consequently, the district court lacked jurisdiction, as do we. Therefore, we dismiss this appeal for lack of jurisdiction and vacate the district court's judgment.

## I. BACKGROUND

Kim Stansbury ("Stansbury") and Sam Holloway ("Holloway") were shareholders in the same corporation. In exchange for loaning money to the corporation, Stansbury received a promissory note from the corporation in the amount of $357,856.99; Holloway cosigned the note. On January 2, 2008, Holloway filed a petition for relief under Chapter 7 of the Bankruptcy Code. The bankruptcy court set April 28, 2008, as the discharge date of Holloway's case and ordered that objections to discharge be filed by then. No objections to discharge were filed, and a discharge was entered on April 28.

The following day, Stansbury filed a complaint to determine dischargeability and a motion for relief from the order. Over the course of three months, the parties engaged in a series of settlement negotiations. After initially reaching agreement over the general terms of a settlement, negotiations between Stansbury and Holloway broke down over a dispute concerning the form of the settlement, in particular whether a consent judgment would be entered or the agreement would be classified as a compromise. Throughout the entire settlement negotiation process, Stansbury's complaint was still pending before the bankruptcy court.

When further discussions failed to produce an agreement on the form of the settlement, Stansbury filed a motion to enforce the settlement agreement.

2

No. 09-30491

The bankruptcy court denied Stansbury's motion, finding that there was no meeting of the minds on whether a consent judgment would be entered. Without seeking leave of the court, Stansbury filed a direct appeal of the bankruptcy court's order to the district court. The district court affirmed the bankruptcy court's order and dismissed Stansbury's action with prejudice. Stansbury then appealed to this court, but neither the bankruptcy court nor the district court certified the issue for appeal.

We raised the question of our own jurisdiction *sua sponte* and ordered supplemental briefing on the issue. After reviewing the supplemental briefs, we conclude that the bankruptcy court's order is not an appealable order for purposes of appellate review by the district court or this court.

## II. DISCUSSION

District courts have appellate jurisdiction over "final judgments, orders, and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). This jurisdiction includes interlocutory orders and decrees which it has granted leave to appeal. *Id*. § 158(a)(3). This court views finality in bankruptcy proceedings in a practical and less technical light to preserve judicial and other resources. *England v. FDIC (In re England),* 975 F.2d 1168, 1171 (5th Cir. 1992) (citations omitted). We have determined that "an order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment . . . . Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation." *Id*. at 1172 (citations omitted).

In this case, the bankruptcy court's order, while treated as a final appealable order by the district court, was interlocutory. *See, e.g., Providers*

No. 09-30491

*Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.)*, 734 F.2d 794, 796–97 (11th Cir. 1984) (holding that the denial of a motion to enforce a settlement agreement is not a final, appealable order). It was interlocutory because, after it ruled on the enforceability of the settlement agreement, the bankruptcy court was still left with an adversary proceeding, namely Stansbury's initial complaint to determine dischargeablity and his motion seeking relief from the discharge order, that must be resolved.

Having determined that the bankruptcy court's order was interlocutory, we recognize that if the bankruptcy court had granted leave to appeal, the district court would have had jurisdiction. As noted above, in addition to having jurisdiction over final orders of bankruptcy courts, district courts have jurisdiction over interlocutory bankruptcy court orders which they have granted leave to appeal. *Id.* § 158(a)(3).

Bankruptcy Rules 8001–8004 govern appeal by leave. Rule 8001(b) provides that "[a]n appeal from an interlocutory judgment, order or decree of a bankruptcy judge . . . shall be taken by filing a notice of appeal . . . accompanied by a motion for leave to appeal." Rule 8003(a) requires that a motion for leave to appeal contain a statement of the facts necessary to an understanding of the questions presented by the appeal, a statement of those questions and the relief sought, a statement of the reasons why an appeal should be granted, and a copy of the order. If a motion for leave to appeal is not filed, but a notice of appeal is timely filed, "the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed." FED. R. BANKR. P. 8003(c). The Advisory Committee note to subsection (c) explains that the district

court has three options: (1) direct that a motion be filed; (2) grant leave to appeal exclusively on the papers already filed; or (3) deny leave to appeal.

Here, Stansbury filed a notice of appeal to the district court but failed to file a motion for leave to appeal. Nothing in the record indicates that the district court chose any of the three alternatives that are sanctioned by the Advisory Committee notes when such situations arise. In other words, the record does not reveal any district court order allowing an appeal or any request for such by the parties. Nor could the district court impliedly grant Stansbury leave to appeal, after the fact, by simply issuing a ruling on the appeal. *See Clark v. First State Bank (In Re White Beauty View, Inc.)*, 841 F.2d 524, 527 (3d Cir. 1988) (holding that a district court cannot impliedly grant leave to appeal by merely ruling on an appeal before it from the bankruptcy court). Therefore, the district court lacked jurisdiction, and we must vacate its judgment.

In any event, were we to assume that the district court had impliedly granted leave, we would still lack jurisdiction under 28 U.S.C. § 158(d)(1). Under 28 U.S.C. § 158(d)(1), the courts of appeals have jurisdiction over "all final decisions, judgments, orders and decrees" issued by the district court. For reasons explained above, in this case, no final order exists, and we therefore lack jurisdiction under 28 U.S.C. § 158(d)(1). *See, e.g.*, *In re Tidewater*, 734 F.2d at 796–97.

While other bases for this court's exercise of appellate jurisdiction exist under 28 U.S.C. § 158(d)(2)(A)–(B), our review of the record reveals that neither the bankruptcy court nor the district court certified this question for appeal after determining, for example, that "an immediate appeal from the judgment, order or decree may materially advance the progress of the case or proceeding in which

No. 09-30491

the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(iii); *see also id*. § 158(d)(2)(B)(i).

Because we do not have jurisdiction under § 158(d)(2), we consider whether there are alternative bases for jurisdiction that would allow us to review the bankruptcy court's interlocutory order. There are two possibilities. First, 28 U.S.C. § 1292(b), when its requirements are satisfied, can provide a court of appeals with jurisdiction to entertain an appeal from an interlocutory order of a district court sitting in its bankruptcy appellate capacity. *See Conn. Nat'l Bank v. German*, 503 U.S. 249, 251–52 (1992). As noted above, the district court in this case lacked jurisdiction over the bankruptcy court's interlocutory order, and even if it had jurisdiction, it failed to certify its decision for appeal as required by § 1292(b). Thus, § 1292(b) does not provide a basis for jurisdiction.

The second possible basis for jurisdiction is the collateral-order exception to the final judgment rule established in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546 (1949). In order to be reviewable under the collateral order doctrine, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Will v. Hallock*, 546 U.S. 345, 349 (2006); *see also Collateral Control Corp. v. Deal (In re Covington Grain Co.)*, 638 F.2d 1357, 1360 (5th Cir. 1981) (applying the collateral-order exception to bankruptcy appeals).

Here, however, neither the second nor the third requirement is satisfied. The bankruptcy court's order cannot be separated from the merits of the action for appellate review of the proposed settlement. *See, e.g.*, *In re Tidewater*, 734 F.2d at 797 (holding that the collateral order doctrine is inapplicable to cases involving the enforcement of settlement agreements because "the bankruptcy

6

No. 09-30491

court order cannot be separated from the merits of the action for appellate review of the proposed settlement"). The collateral order doctrine is also inapplicable because immediate review is not necessary to protect important interests. The bankruptcy court order denying the enforcement of the settlement agreement can be reviewed on appeal after entry of final judgment in the bankruptcy proceedings.

III. CONCLUSION

For the reasons stated above, we conclude that the district court did not have jurisdiction over the bankruptcy court's order denying Stansbury's motion to enforce the settlement agreement, and neither do we. We nevertheless have jurisdiction to require the district court to vacate its judgment, which we do. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998); *Nat'l Benevolent Ass'n of the Christian Church (Disciples of Christ) v. Weil, Gotshal & Manges, LLP (In re Nat'l Benevolent Ass'n of the Christian Church (Disciples of Christ))*, 333 F. App'x 822, 828 (5th Cir. 2009); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 921 (5th Cir. 2001); *Alvidres v. Reyes Reno*, 180 F.3d 199, 206 (5th Cir. 1999).

The judgment of the district court is VACATED. This appeal is DISMISSED for lack of subject matter jurisdiction. Stansbury shall bear the costs of this appeal.