# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2010

No. 10-20158
Summary Calendar

Lyle W. Cayce
Clerk

TINA RICHEY,

Plaintiff-Appellant,

v.

WAL-MART STORES, INC.; WAL-MART STORES TEXAS L.L.C.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-00018

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tina Richey appeals the district court's denial of her motion to remand and argues that the district court did not have original jurisdiction over both defendants in her case. Because we find that complete diversity existed at the time of removal from state court, we conclude that the district court did not err in denying Richey's motion to remand. Accordingly, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20158

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2007, Richey filed her original complaint against Walmart Stores, Inc. ("Wal-Mart"), in the 9th District Court of Montgomery County, Texas, alleging that Wal-Mart wrongfully terminated her employment in violation of *Sabine Pilot Servs., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985). More specifically, Richey's complaint asserted a cause of action under Texas common law, alleging that she was terminated for the sole reason that she refused to perform an illegal act.

On January 3, 2008, Wal-Mart removed the action to the Houston Division of the United States District Court for the Southern District of Texas. In its Notice of Removal, Wal-Mart asserted that the district court had diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). Wal-Mart noted that the parties were diverse since the Plaintiff is a citizen of Texas, and "at the time of filing of Plaintiff's Original Petition and at the time of removal, Wal-Mart, was a citizen of Delaware, and maintains its principal place of business in Arkansas." Wal-Mart also asserted that the amount in controversy exceeded $75,000.

On January 28, 2008, Richey filed her motion to remand, arguing that complete diversity did not exist and that there was no evidence to substantiate Wal-Mart's claim that the amount in controversy exceeded $75,000. On February 19, 2008, the district court denied Richey's motion to remand.

On May 22, 2008, Richey filed her First Amended Complaint in which she added Wal-Mart Stores Texas L.L.C. ("Wal-Mart TX") as a co-defendant.[1] After

---

[1] Paragraph 3 of the Plaintiff's First Amended Complaint describes Wal-Mart TX as follows:

> Defendant, Wal-Mart Stores Texas, LLC, is a foreign entity and a limited liability corporation organized and existing under the laws of the State of Delaware, and a citizen of Delaware, whose principal office is located at 702

2

No. 10-20158

the district court denied the Defendants' motions for summary judgment, the case went to trial on November 16, 2009. On November 20, 2009, the jury issued a unanimous verdict in Wal-Mart's and Wal-Mart TX's favor. On November 24, 2009, the district court entered final judgment.

Richey timely appealed. On appeal, Richey argues that remand is necessary because, at the time of removal: 1) complete diversity of citizenship did not exist and; 2) the amount in controversy did not exceed $75,000.

## ANALYSIS

"This court reviews *de novo* a district court's denial of a motion to remand." *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

"When removal is based on diversity of citizenship, diversity must exist at the time of removal." *Texas Beef Group*, 201 F.3d at 686; *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[The Defendant] must prove that federal jurisdiction existed at the time of removal, or, at the very least, have alleged facts prior to the entry of judgment in this case that establish federal subject-matter jurisdiction."). Regarding the requisite statutory amount in controversy, "[t]o justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Greenberg*, 134 F.3d at 1253 (internal quotation marks omitted). "Jurisdictional findings of fact are reviewed for clear error." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

---

S.W. 8th Street, Bentonville, Benton County, AR 72716-0555. Wal-Mart Stores Texas, LLC registered to do business in Texas as of June 30, 2007 and may be served with process by serving its registered agent for service of process, C.T. Corporation System at 350 North St. Paul St., Dallas, TX 75201.

3

No. 10-20158

## I.    DIVERSITY OF CITIZENSHIP

On appeal, Richey asserts that the district court did not have original jurisdiction because the parties are not completely diverse.  In her brief on appeal, Richey recognizes that "[c]omplete diversity as to Defendant Wal-Mart Stores, Inc. is apparent on the face of Appellant's Original Petition."  Richey, however, argues that once an additional defendant was added, the additional defendant destroyed complete diversity.  However, for the reasons that follow, we conclude complete diversity existed at the time of removal, and consequently, we find that the district court did not err in denying Richey's motion to remand.

In *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), the Supreme Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("We have adhered to that statutory interpretation ever since.") (citing *Strawbridge*, 3 Cranch at 267).  At the time of removal, the record reveals that Wal-Mart was the *only* defendant to the action.  Wal-Mart was the only defendant Richey named in her original petition in state court.  Richey's petition makes clear that the parties are diverse since it alleges that she is a citizen of Texas, and that Wal-Mart is incorporated in Delaware, with its principal place of business in Arkansas.  Furthermore, the record does not show the addition of another defendant until May 22, 2008, when Richey filed her First Amended Complaint, adding Wal-Mart TX as a co-defendant.

Since removal to federal court was effectuated on January 3, 2008, any subsequently added defendants do not alter the complete diversity that existed as of January, 2008.[2]  That is, even if it could be shown that Wal-Mart TX is a

---

[2] The absurdity of Richey's argument against complete diversity is apparent since, in this instance, she is the one who added Wal-Mart TX to the action when, on May 22, 2008, she filed her First Amended Complaint.  Richey cites to no authority, and we know of none, that permits a Plaintiff to destroy complete diversity by adding a non-diverse defendant after the time of removal.  Richey's arguments, however, do not end there.  Richey also argues that Wal-

No. 10-20158

citizen of Texas, and therefore a non-diverse defendant, such a demonstration would be irrelevant to our analysis since this Court considers whether diversity "exist[ed] at the time of removal." *Texas Beef Group*, 201 F.3d at 686.

Because Wal-Mart and Richey are completely diverse, and because they were the only two named parties to the action at the time of removal, we conclude that complete diversity existed at the time of removal. Accordingly, the district court did not err when it denied Richey's motion to remand.

## II.    THE AMOUNT IN CONTROVERSY

Richey also contends that diversity jurisdiction did not exist at the time of removal because the amount in controversy requirement was not met. 28 U.S.C. § 1332(a) limits a district court's diversity jurisdiction to "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . ." Richey claims that the district court relied on mere hearsay in its determination that Richey's claims would amount to at least $75,000. We have reviewed the record and the district court's factual findings for clear error, and we disagree.

---

Mart failed to file its Answer to her petition in state court by the court's deadline, and consequently, Wal-Mart Stores Texas, L.P. inserted itself into this action by filing an answer in state court on January 2, 2008. Richey essentially argues that Wal-Mart is the only diverse defendant, and that because a different entity (Wal-Mart Stores Texas, L.P., who Richey claims is not diverse) filed an answer in state court, complete diversity did not exist at the time of removal. This convoluted argument is not supported by the record. First, although Wal-Mart Stores Texas, L.P.'s name appears in the heading of the Defendant's January 2, 2008 Answer in Texas state court, it is clear that this was merely a typographical error since the Answer's caption lists, and *only* lists, Wal-Mart Stores, Inc. as the Defendant in the case. Furthermore, no Default Judgment entered against Wal-Mart Stores, Inc. exists in the state court's record, or any other evidence that could possibly substantiate Richey's claim that Wal-Mart did not timely answer her petition in state court. Furthermore, the Notice of Removal in the record before the federal district court bears the name "Wal-Mart Stores, Inc." No other entity is named. Richey cannot cite to a single document in the record that establishes that Wal-Mart Stores Texas, L.P. has, at any point in time in this case's procedural history, been a named party. The only evidence in the record that supports Richey's claim that "Wal-Mart Stores, Inc." is not the only defendant in this action is her own First Amended Complaint that added Wal-Mart Stores Texas L.L.C. on May 22, 2008. As discussed above, subsequently added defendants cannot divest the district court of the original jurisdiction it had at the time of removal.

No. 10-20158

In considering whether the requisite amount in controversy has been met, "[i]t has long been recognized that unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253 (internal quotation marks omitted). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation marks omitted).

Richey's complaint, however, does not list a specific amount that she seeks to recover. Thus, we note that *Greenberg's* "legal certainty" test does not apply here. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) ("This court has indicated that the legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages."). "Accordingly, we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that [s]he will not be able to recover more than the damages for which [s]he has prayed in the state court complaint." *Id.* at 1411.

In the present case, Wal-Mart has presented the district court with substantial evidence to support its claim that the amount in controversy exceeds $75,000. Although Richey vigorously disputes the district court's conclusion that the requisite amount is satisfied, she has not provided evidence to refute that conclusion. The evidence in the record shows that Richey's hourly wage was $12.54. Thus, Richey could reasonably expect to earn $26,083.20 annually. Notably, Richey's First Amended Complaint requests actual damages of lost wages and benefits, loss of future earnings and benefits in the past, mental anguish in the past and future, prejudgment interest, court costs, and exemplary damages. Even if Richey sought future lost wages for only three years, that amount alone would exceed $75,000– and that calculation does not take into

No. 10-20158

consideration the amounts she seeks to recover for her actual lost wages and benefits, or her mental anguish in the past and future.

Given these calculations, we find no clear error in the district court's reasoning. The facts in the record are sufficient to invest the district court with jurisdiction. Accordingly, we conclude that § 1332(a)'s amount in controversy requirement has been met, and as a result, we find that the district court was correct to deny Richey's motion to remand.

## CONCLUSION

For the aforementioned reasons, we AFFIRM the judgment of the district court.