# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2011

No. 10-30300
Summary Calendar

Lyle W. Cayce
Clerk

BERNICE BROUSSARD,

Plaintiff-Appellant,

versus

ARTHUR BASALDUA;
RONALD J. THERIOT, Individually and in His Official Capacity
as Sheriff of St. Martin Parish;
REGINALD CLUES, Individually and in His Official Capacity
as Warden of St. Martin Parish Correctional Center II,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CV-1111

No. 10-30300

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

We affirm the dismissal of this state-law tort suit for lack of subject matter jurisdiction.

I.

Bernice Broussard, a corrections officer at the St. Martin Parish Correctional Center II, brought a state-law battery claim against inmate Basaldua. Broussard also sued, individually and in their official capacities, Sheriff Ronald Theriot and Warden Reginald Clues, claiming they are liable for her injuries because they breached the parish's contract with the federal government to house federal inmates. She also claims they were liable under 42 U.S.C. § 1983 because their deliberate indifference to maintaining a safe work environment deprived her of her constitutional rights to liberty and bodily integrity. Finally, she alleged that they were vicariously liable for Basaldua's actions and were negligent in training the corrections officers to keep the center safe.

The magistrate judge recommended dismissal for lack of subject-matter jurisdiction for failure to state a federal cause of action or to present a federal question. Broussard objected to the recommended dismissal only with respect to her contract argument; the district court adopted the recommendation.

II.

On appeal, Broussard contends that the parish's contract with the federal government for the housing of federal inmates establishes federal-question juris-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

diction, because her state-law tort claim implicates the interpretation of that contract. To establish federal-question jurisdiction where federal law does not create the cause of action, one must show that "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (footnote omitted). Here, even if the federal contract could hypothetically inform certain state-law questions such as the standard of care, interpretation of the federal law is not an "essential element" of the state tort claims.[1] The federal contract thus does not create federal question jurisdiction.[2]

We review Broussard's arguments related to her § 1983 claim for plain error, because they were not raised in her objections to the magistrate judge's recommendation. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996). First, Broussard correctly notes that a governmental entity can be liable under § 1983 when it executes a "policy or custom" that leads to the infliction of the constitutional injury. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). She contends that Theriot and Clues can therefore be liable under federal law for failing to provide a safe work environment and thus depriving her of due process rights to liberty and bodily integrity. That argument fails, however, because "[n]either the text nor the history of the Due Process

---

[1] *Cf. Howery*, 243 F.3d at 918 (holding that even though provisions of the federal Fair Credit Reporting Act might inform an inquiry about violations of a state-law deceptive trade practices statue, they were not an element of the state law claim sufficient to create jurisdiction).

[2] Broussard's argument that she was a third-party beneficiary of the federal contract was dropped on appeal, so we need not consider it. Additionally, Broussard argues for the first time on appeal that she was deprived of a constitutionally protected property interest in her employment contract with the corrections center. That argument was not raised before the magistrate judge or the district court and is thus waived. *See Tex. Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005).

No. 10-30300

Clause supports [a] claim that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 126 (1992). The district court did not plainly err by refusing to find federal question jurisdiction on that basis.

Finally, Broussard argues that Theriot and Clues are liable under § 1983 because they were deliberately indifferent to the risk of harm to corrections officers in the workplace. For there to be a duty on state officials not to be "deliberately indifferent" to violations of a person's due process rights, the state must have a "special relationship" with that person. *Walton v. Alexander*, 44 F.3d 1297, 1300-01 (5th Cir. 1995) (en banc). Moreover, "the state creates a 'special relationship' with a person only when the person is involuntarily taken into state custody and held against his will through the affirmative power of the state; otherwise, the state has no duty arising under the Constitution to protect its citizens against harm by private actors." *Id*. at 1304. Because Broussard was not involuntarily in state custody, she does not have the requisite relationship. Thus, her allegations of deliberate indifference do not state a claim under § 1983, and there is no federal question.

In the absence of a federal question, the district court was correct to decline to exercise supplemental jurisdiction over Broussard's state-law claims. We therefore AFFIRM the judgment of dismissal.

4