# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2011

No. 10-60808
Summary Calendar

Lyle W. Cayce
Clerk

DAVID R. WILSON,

Plaintiff-Appellant

v.

UNKNOWN ASHLEY, Registered Nurse, Third Floor Nurse; ALLIANCE
HEALTH CENTER; UNKNOWN MONICA, Supervision Nurse Third Floor,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:10-CV-89

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

David R. Wilson filed the instant suit to seek redress after a nurse allegedly molested him while he was a patient at the defendant health care facility. We are now presented with both Wilson's appeal from the dismissal of his suit for want of subject matter jurisdiction pursuant to the defendants' Federal Rule of Civil Procedure 12(b)(1) motion and his motions for production of documents and a speedy trial. Our de novo review shows that Wilson has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to carry his burden of establishing federal jurisdiction. *See Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Consistent with his arguments in the district court, Wilson insists that jurisdiction is proper because he suffered sexual harassment in violation of 42 U.S.C. § 2000e. This argument is unavailing because the plain language of that statute shows that it is inapplicable in this case due, inter alia, to the relationship between Wilson and the defendants. *See* § 2000e. To the extent Wilson contends that his claim concerning breach of contract with respect to a violation of a patient bill of rights confers federal jurisdiction, he is mistaken. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). We decline to consider Wilson's arguments concerning various state law claims and diversity of citizenship because these claims were raised for the first time in his reply brief. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.