516 F.Supp. 17 (1981)
LONDOFF BOWLING LANES, INC., and Harriett M. Londoff, Plaintiffs,
v.
LANDMARK NORTH COUNTY BANK & TRUST COMPANY, Leon Neuman, President and Director, and Gustave Saettele, Chairman of the Board of Directors, Defendants.
No. 81-337C(1).
United States District Court, E. D. Missouri, E. D.
May 21, 1981.
*18 Harriett M. Londoff, pro se.
King & Koster, Lawrence F. Hartstein, St. Louis, Mo., for defendants.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon defendants' motion to dismiss. For the reasons stated below, defendants' motion will be granted.
Plaintiffs have filed this pro se suit alleging that defendants are guilty of: (1) Deliberately overcharging loan rates and not considering the long-time status of plaintiffs; (2) deliberately misinforming them of the amount of the principal so as to frighten and intimidate plaintiffs; (3) being guilty of aggravated battery against Harriett Londoff; (4) deliberately harassing plaintiffs by threatening to sell their property (which is also termed by plaintiffs as a conspiracy to defraud); and (5) lying to plaintiffs. For relief plaintiffs seek various monetary and injunctive relief, as well as an order for criminal investigation into criminal conspiracy by defendants. In their motion to dismiss, defendants assert that plaintiffs have failed to establish jurisdiction inasmuch as a federal question has not been alleged, nor is there diversity of citizenship between the parties.
A threshold question in any suit brought into federal court is whether there is a basis for jurisdiction. Plaintiff has alleged no facts which this Court can construe as giving rise to a federal question  violation of Constitution or federal statute  instead merely asserting a variety of wrongs which might better be characterized as civil torts cognizable in state court. Plaintiffs have failed to show jurisdiction is appropriate under 28 U.S.C. § 1331.
Plaintiffs have also failed to show that the requisite diversity of citizenship between plaintiffs and defendants is present as required by 28 U.S.C. § 1332. The pleading must negate the possibility that diversity of citizenship does not exist. See McGovern v. American Airlines, Inc., 511 F.2d 653 (5th Cir. 1975). In addition, an affidavit filed by Lawrence F. Hartstein, attorney for defendants, attests to plaintiff Harriett M. Londoff as a citizen of Missouri. This uncontroverted assertion when taken with "Exhibit 1", a certificate of corporate good standing which sets forth that the Landmark North County Bank & Trust Company is a citizenship of Missouri for the purposes of diversity, would appear to confirm defendants' assertion that there is indeed a failure of complete diversity of citizenship between the parties. See Esler v. Northrup Corp., 86 F.R.D. 20 (E.D.Mo.1979). Accordingly, this action will be dismissed without prejudice.