[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10323
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-60091-WJZ


CARLA EISENBERG,

Plaintiff-Appellant,

versus

JIMMY LEE MCCULLEY,
SMITHPORT FREIGHT, INC.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 11, 2015)


Before HULL, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Carla Eisenberg appeals the dismissal without prejudice of her complaint and the denial of her motion to amend. The district court ruled that it lacked subject-matter jurisdiction because Eisenberg failed to allege that there was complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a)(1). We affirm.

The district court did not err by dismissing Eisenberg's complaint. When federal jurisdiction is invoked based on diversity of the parties, the complaint must allege that the plaintiff and the defendants are citizens of different states. *Id.* As the district court stated in its order of dismissal without prejudice, the complaint failed to allege the citizenship of Eisenberg or McCulley or to allege the principal place of business of Smithport Freight.

The district court also did not abuse its discretion when it denied Eisenberg's later motion to amend. Eisenberg's amended complaint contained the same deficiency involving Smithport Freight. Because a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and . . . where it has its principal place of business," *id.* § 1332(c)(1), the district court could not determine whether complete diversity existed among the parties. *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). Moreover, the district court made clear that Eisenberg remained free to refile this action if she believed that federal jurisdiction could be established.

2

We **AFFIRM** the dismissal of Eisenberg's complaint without prejudice.