IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

CM VANTAGE SPECIALTY ) 
INSURANCE COMPANY, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv614-MHT 
 ) (WO) 
MAYFLOWER INVESTMENTS, ) 
LLC, et al., ) 
 ) 
 Defendants. ) 

 ORDER 
 The allegations of the plaintiff's amended 
complaint are insufficient to invoke this court's 
diversity-of-citizenship jurisdiction. To invoke 
jurisdiction based on diversity, a complaint must 
distinctly and affirmatively allege each party's 
citizenship. See, e.g., McGovern v. American Airlines, 
Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* 

 * In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th 
Cir. 1981) (en banc), the Eleventh Circuit Court of 
Appeals adopted as binding precedent all decisions of 
the former Fifth Circuit handed down prior to the close 
of business on September 30, 1981. 
 The plaintiff's complaint fails to meet this 
standard. The plaintiff has sued many defendants in 

their capacities as the personal representative of an 
infant or minor or as the legal representative of the 
estate of a deceased person. "[T]he legal 
representative of the estate of a decedent shall be 

deemed to be a citizen only of the same State as the 
decedent, and the legal representative of an infant or 
incompetent shall be deemed to be a citizen only of the 

same State as the infant or incompetent." 28 U.S.C.A. 
§ 1332(c)(2). Because the complaint sets forth only 
the citizenship of the personal representatives and not 
that of the infants or decedent, the complaint does not 

adequately establish grounds for this court to assume 
jurisdiction of this matter. 
 *** 
 It is therefore the ORDER, JUDGMENT, and DECREE of 

the court that the plaintiff has until January 20, 
2021, to amend the complaint to allege jurisdiction 

 2 
sufficiently; otherwise this lawsuit shall be dismissed 
without prejudice. 

 DONE, this the 30th day of December, 2020. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE