# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2021

Lyle W. Cayce
Clerk

No. 20-10882

———————

Lee Marvin Sanders; Matthew Sodrok,

*Plaintiffs—Appellants*,

*versus*

The Boeing Company; Jamco America, Incorporated; Kidde Technologies, Incorporated,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-3165

———————

Before Smith, Stewart, and Willett, *Circuit Judges*.

Per Curiam:*

Plaintiffs-Appellants Lee Marvin Sanders and Matthew Sodrok, flight attendants, have sued Defendants-Appellees The Boeing Co. ("Boeing"), Jamco America, Inc. ("Jamco"), and Kidde Technologies, Inc. ("Kidde") under Texas tort law for injuries sustained when a smoke detector

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10882

malfunctioned on one of the Plaintiffs' flights. The district court sua sponte dismissed Plaintiffs' suit for lack of subject-matter jurisdiction and for failing to follow a court order. Plaintiffs appealed.

For the reasons that follow, we AFFIRM.

## I. FACTS & PROCEDURAL HISTORY

Plaintiffs serviced a United Airlines flight from Denver to Houston in January 2017. Plaintiffs alleged that during the flight, a smoke alarm accidentally went off, causing an "ear-splitting sound" to fill the cabin. They further averred that the "excessively loud and unnecessary alarm [was] a malfunction of the smoke/fire detection system" and that "this malfunction resulted in Plaintiffs' ears' [sic] drums bursting and bleeding, and permanent hearing loss to Plaintiffs' ears."

Plaintiffs—who are represented by counsel—sued, claiming that Boeing, as manufacturer of the plane carrying the defective smoke detector, was culpable under Texas law for products liability, negligence, and breach of implied warranties. Plaintiffs then amended their complaint twice, adding and removing defendants along the away. For our purposes, Boeing, Jamco, and Kidde remain as defendants in this lawsuit. Kidde moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(2) and (b)(6) for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted, respectively. While that motion was pending, the district court sua sponte ordered Plaintiffs to file another amended complaint addressing certain jurisdictional deficiencies in the operative pleading. In response, Plaintiffs filed a third amended complaint, which mooted Kidde's motion to dismiss. Concluding that Plaintiffs had failed to follow its instructions on how to remedy the inadequacy of their pleading, the district court dismissed their action without prejudice under Federal Rules of Civil Procedure 12(h)(3) and 41(b). Rule 12(h)(3) directs a court to dismiss a case

if it "determines at any time that it lacks subject-matter jurisdiction," FED. R. CIV. P. 12(h)(3), while Rule 41(b) allows a court to dismiss a lawsuit if the plaintiff has failed "to comply with . . . a court order," FED. R. CIV. P. 41(b).

After the district court dismissed their action, Plaintiffs moved for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and for leave to file a fourth amended complaint under Federal Rule of Civil Procedure 15(a)(2). While those motions were pending, Plaintiffs prematurely filed a notice of appeal. The district court then denied Plaintiffs' motions, which allowed Plaintiffs to proceed with their appeal per Federal Rule of Appellate Procedure 4(a)(4)(B)(i). Plaintiffs did not file an amended notice, which, if timely filed, would have permitted them to additionally appeal the district court's denial of their Rule 60 and Rule 15 motions.

## II. STANDARD OF REVIEW

We review de novo the district court's sua sponte dismissal for lack of subject-matter jurisdiction. *Brainerd v. Sawyer*, 54 F. App'x 406 (5th Cir. 2002) (per curiam) (citing FED R. CIV. P. 12(h)(3) and *Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 945 (5th Cir. 1994)).

## III. DISCUSSION

"[F]ederal courts are courts of limited jurisdiction. They are empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to them by a jurisdictional grant enacted by Congress." *Sarmiento v. Tex. Bd. of Veterinary Med. Exam'rs By and through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991). "The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). "If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or

their failure to perceive a jurisdictional defect[,]" in contravention of "the concept of limited jurisdiction." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). "Therefore, United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Id.*

Where, as here, a plaintiff brings a purely state-law claim, a federal court may exercise jurisdiction over that claim if citizenship is diverse among the parties and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332. As the parties invoking a federal court's subject-matter jurisdiction, Plaintiffs have the burden of establishing diversity of citizenship. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

In Plaintiffs' Second Amended Complaint, the district court identified two jurisdictional deficiencies pertaining to their diversity allegations.[1] The first was that "Plaintiffs only allege[d] that they—individuals—reside in Harris County, Texas[.]" The district court correctly concluded that Plaintiffs had not properly alleged their own citizenship since "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citation and internal quotation marks omitted).[2] Rather, Plaintiffs had to aver where they were domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

---

[1] The district court also determined that Plaintiffs had not adequately alleged venue per 28 U.S.C. § 1391(b). As will soon become apparent, we need not reach the propriety of this determination to resolve this appeal.

[2] Plaintiffs suggest we should not "trouble[]" ourselves with *MidCap* because "the case seems very unique." To the extent Plaintiffs are contending that *MidCap* is somehow limited to its facts, we do not see any indication that the decision warrants such a narrow reading.

The second issue was that Plaintiffs had pled that "Boeing is a domestic corporation doing business in Texas, [Kidde] is a foreign corporation doing business in Texas, and that Jamco is a corporation doing business in the United States." Once again the district court properly concluded that Plaintiffs had inadequately averred citizenship for the purposes of diversity jurisdiction because "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap*, 929 F.3d at 314 (citation omitted).

The district court then told the Plaintiffs how to fix the defects in their pleading: (1) aver where Plaintiffs are domiciled and (2) allege the principal places of business and states of incorporation for each defendant. It provided Plaintiffs with an opportunity to remedy those deficiencies by filing yet another amended complaint. But Plaintiffs squandered the opportunity. First, Plaintiffs once again alleged that they were residents of Harris County. They also pled Boeing's and Jamco's states of incorporation but not their principal places of business, while they alleged Kidde's principal place of business but not its state of incorporation. Without averring their own domiciles and the principal places of business and states of incorporation for each of the defendants, Plaintiffs' jurisdictional allegations remained insufficient. Thus, the district court did not err in dismissing Plaintiffs' claims under Rule 12(h)(3). *See id.* at 313 ("Because federal courts have limited jurisdiction, parties must make clear, distinct, and precise affirmative jurisdictional allegations in their pleadings." (citation and internal quotation marks omitted)).

Nevertheless, Plaintiffs raise several arguments in favor of reversal, all of which lack merit. First, Plaintiffs assert that this court should take judicial notice of the "substantial record evidence" and "publicly available documents[,]" all of which establish diversity of citizenship. More specifically, Plaintiffs point to admissions that Defendants made as to both

their principal places of business and states of incorporation, which in turn show diversity of citizenship. While that may be true for Boeing and Kidde, it is not true for Jamco, which has admitted only that it "is a corporation doing business in the United States and has made an appearance herein." Demonstrating citizenship for some parties and not others is insufficient. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Plaintiffs also cite to the Civil Cover Sheet that they filed at the initiation of the action. Assuming arguendo that the Cover Sheet is even evidence of jurisdiction that the district court could have considered, it does not identify the principal places of business and states of incorporation for any of the defendants.

Although the facts discussed above do not establish diversity of citizenship, they do suggest that it exists. "Where, as here, jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the [c]ourt may remand the case to the district court for amendment of the allegations and for the record to be supplemented." *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Relying on *Molett* and § 1653, Plaintiffs contend that we should remand accordingly if we conclude that the record does not already establish diversity of citizenship.[3] "May," however, does not mean "must" (even if "§ 1653 is to be construed liberally"). *Molett*, 872 F.2d at 1228. Key to this court's decision to remand in *Molett*, which did so pursuant to § 1653, was that the party "had no notice, nor should it be charged with any notice, of a defect in jurisdiction prior to this second appeal." *Id.* That is

---

[3] Puzzlingly, Plaintiffs rely upon *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) for the same proposition. In that case, though, this court denied the plaintiffs' request to correct jurisdictional defects in their pleading. *Id.* at 805–06. At the very least, *Stafford* does not support remand.

not the situation here, where Plaintiffs were given an opportunity to amend their pleading with instructions on how to properly plead diversity of citizenship. And Plaintiffs were permitted to conduct third-party discovery into the manufacturer of the smoke detector. Presumably, they could have utilized that time to also determine the citizenship of the relevant defendant(s) if they were unable to otherwise locate that information.

*Leigh v. Nat'l Aeronautics & Space Admin.*, 860 F.2d 652, 653–54 (5th Cir. 1988), upon which Plaintiffs also rely in support of their request for remand, is arguably more on point than *Molett*. In that case, this court remanded so that the plaintiff could have an opportunity "to make a more complete statement of the court's diversity jurisdiction over his claim" since "diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist." *Id.* Here, like in *Leigh*, no party contested jurisdiction (at least until the district court's sua sponte dismissal) and neither Defendants nor the district court have provided an indication that diversity of citizenship does not exist (just that Plaintiffs have not met their burden to establish it). But, as with *Molett*, *Leigh* may be distinguished on the ground that the plaintiff there did not previously have the occasion to reallege facts supporting jurisdiction (nor a roadmap, for that matter, on how to do so). As Plaintiffs acknowledge, *Molett* and *Leigh* are premised on the principle that a court should be "much more lenient in allowing . . . amendment to resolve any diversity issues" when "attacks on diversity do constitute surprise[.]" As a corollary, with no surprise comes less leniency.[4]

---

[4] For this reason, *MidCap* does not compel remand of this action. Relying on the above-quoted language from *Molett*, *MidCap* remanded the case to the district court for jurisdictional fact finding. 929 F.3d at 316. But, as Boeing asserts, "[i]n *MidCap*, neither

No. 20-10882

Finally, Plaintiffs argue that this court, "rather than remand, could invite an amendment on appeal to remedy any questions concerning diversity." But we should do so only "[w]here jurisdiction is clear from the record[.]" *Molett*, 872 F.2d at 1228. As noted above, that is not the situation here.

In sum, Plaintiffs have not convinced us that the district erred in dismissing this case for lack of subject-matter jurisdiction.[5]

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

the district court nor the parties had made an adequate record of the court's subject-matter jurisdiction." As discussed, that is not the case here.

[5] The parties spill much ink over whether the district court also properly dismissed Plaintiffs' case pursuant to Rule 41(b). Because "this court may affirm on any basis supported by the record," *CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 352 n.1 (5th Cir. 2021) (citation and internal quotation marks omitted), we decline to reach those arguments. And since we affirm the district court's ruling, we need not consider Plaintiffs' request for reassignment upon remand (assuming Plaintiffs even adequately requested that relief in their opening brief).

Finally, we emphasize that the scope of our review is limited to the district court's dismissal of Plaintiffs' claims; it does not include the lower court's denial of Plaintiffs' motions for reconsideration and leave to amend. Perhaps had Plaintiffs also appealed those rulings, the outcome of this appeal may have been different. Indeed, at least one of the defendants—Boeing—admits that Plaintiffs' proposed Fourth Amended Complaint "would have established complete diversity among the parties." But we may only consider what the appellant asks of us, no more, no less.