# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2022

Lyle W. Cayce
Clerk

No. 20-30355
Summary Calendar

STANLEY LOUIS SHEPPARD,

*Plaintiff—Appellant*,

*versus*

KAYLEIGH CHEEKS; KELCI LYONS; ADAM P. LANGLIANIS; LAFAYETTE GENERAL MEDICAL CENTER; JOHN DOES, *Doctors 1-5*; JOHN DOES, *Registered Nurses 1-9*; JOHN DOES, *Anesthesiologists 1-3*; JOHN DOES, *Registered Nurses 1-9*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-1366

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Stanley Louis Sheppard filed suit against Lafayette General Medical Center and several of its named and unnamed employees, alleging medical

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30355

malpractice and negligence related to complications he suffered after a surgery he underwent there. The appellees moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), asserting that the district court lacked subject matter jurisdiction and that Sheppard failed to state a claim. The district court granted the appellees' motion to dismiss.

This court reviews de novo the grant of a motion to dismiss for lack of subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Sheppard offers nothing but conclusory arguments in favor of subject matter jurisdiction. Because Sheppard failed to establish any basis for federal jurisdiction, the district court correctly dismissed the complaint. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Accordingly, the judgment is AFFIRMED. The appellees' motions for sanctions, damages and costs, and to strike Sheppard's motion for change of venue are DENIED. All of Sheppard's outstanding motions are DENIED. Sheppard is WARNED that further frivolous litigation may result in substantial sanctions under Federal Rule of Appellate Procedure 38 or this court's inherent authority and may include monetary sanctions and restrictions on access to federal courts.